The State, *ex rel.* Miller, *v.* The Board of Commissioners of Pike Co. *et al.*

No. 12,316.

THE STATE, EX REL. MILLER, *v.* THE BOARD OF COMMISSIONERS OF PIKE COUNTY ET AL.

COUNTY COMMISSIONERS.—*Special Session.—Notice.—Defective Return.*—Where the members of a board of county commissioners meet in special session on the day and at the place named in a summons issued by the auditor and placed in the hands of the sheriff to be served, such board is lawfully convened, although the sheriff's return, showing service, is not signed and does not give the date of such service.

SAME.—*Repeal of Act by Implication.*—The act of March 7th, 1863 (sections 5737 to 5739, R. S. 1881), "providing for calling special sessions of boards of county commissioners," repealed by implication the act of February 2d, 1855 (Acts 1855, p. 87), "authorizing county auditors to call a special term of the board of county commissioners," etc.

From the Daviess Circuit Court.

*L. D. Thomas, J. H. Miller, E. R. Richardson* and *J. G. Williams*, for appellant.

*J. W. Wilson, F. B. Posey, E. A. Ely* and *W. F. Townsend*, for appellees.

HOWK, J.—This was a suit by the appellant's relator, Miller, against the appellees, the board of commissioners of Pike county, and William J. Bethel, auditor of such county. The object of the suit, as stated in the prayer of the relator's complaint, was to compel, by mandate, the board of commissioners of Pike county to make an additional levy upon the taxable property of Washington township, in such county, in favor of the Indianapolis and Evansville Railway, equal to one per centum upon the taxable value of the property of such township, as shown by the tax duplicate of the township, delivered to the treasurer of Pike county for the year 1878, and to correct the entry made in the order-book of such board, at its June session in 1879, by inserting the name Evansville, Washington and Worthington Railway Company, in lieu of the name Evansville, Worthington and Washington Railway Company, then appearing in such order, and to order the whole of such tax to be collected, or show

The State, *ex rel.* Miller, *v.* The Board of Commissioners of Pike Co. *et al.*

cause why it should not; and to compel, by mandate, the appellee Bethel, as auditor of such county, to place upon the tax duplicate of Washington township the levy made by such board of commissioners at its June term, 1879, and the levy therein prayed to be made by such board, or show cause why he should not do so.

This suit was commenced in the Pike Circuit Court, but the venue thereof was subsequently changed to the court below. There the issues joined in the cause were tried by the court, and a finding was made for the appellees, the defendants below, and over the relator's motion for a new trial, judgment was rendered against him for appellees' costs.

In this court, the only error assigned by appellant's relator is the overruling of his motion for a new trial.

The only question presented and discussed by the relator's counsel, in their able and exhaustive brief of this cause, may be thus stated: Did the trial court err in refusing to permit the relator to prove, by parol evidence, that the auditor's call for a special session of the board of commissioners of Pike county was duly served upon each member of such board? or 2. Upon the evidence admitted, and appearing in the record, did the trial court err in finding for the appellees, the defendants below?

We will first consider and decide the second of these two questions. There is no conflict in the evidence appearing in the record. It was all introduced by appellant's relator; no evidence whatever was introduced by the appellees or either of them. The first question for decision, therefore, is whether or not the court below did not err in overruling the relator's motion for a new trial, because the finding of the court was not only not sustained by, but was contrary to, the evidence admitted and actually in the record. It was shown by the evidence of Frank Bilderback, that in January, 1879, he was the auditor of Pike county, and that, as such auditor, he issued a written call notifying the board of commissioners of Pike county to meet in special session. A paper writing

having been shown the witness, Bilderback, he identified the same as the written call so issued by him. The written call and the endorsement thereon were then read in evidence, as follows:

"STATE OF INDIANA, PIKE COUNTY, SS:

"*To the Sheriff of said County, Greeting:*

"Whereas, in my opinion, the interest of Pike county demands that the board of commissioners of said county should meet in special session, you are therefore commanded to summon John J. Robling, Joseph Ferguson and George Fettinger, who now constitute said board, to appear and attend a special session of the board of commissioners of said county, to be holden at the auditor's office in Petersburgh, Indiana, on the 15th day of January, 1879, to meet at the hour of one o'clock P. M. of said day, and then and there return this writ. In witness whereof, I hereunto set my hand and affix my official seal, this 13th day of January, 1879.

"(Signed)     FRANK BILDERBACK, A. P. C. [SEAL.]"

Endorsed: "Served, as commanded, by reading the within summons to, and within the hearing of, John J. Robling, Joseph Ferguson and George Fettinger. Mileage $6.20; service $1.20; return .10; total $7.50."

This endorsement is without date or signature.

Appellant's relator offered and read in evidence a transcript, duly certified, of the proceedings of the board of commissioners of Pike county, on the 15th day of January, 1879, the day named in the foregoing call of the auditor of such county. It was shown by this transcript, "that at a special term of the commissioners' court, begun and held at the auditor's office in the town of Petersburgh, in Pike county and State of Indiana, on the 15th day of January, 1879, where were present the Hons. John J. Robling, Joseph Ferguson and George Fettinger, commissioners of said county, and Frank Bilderback, auditor, the following proceedings were had, to wit:" And here follow the proceedings of the county board showing the presentation of a proper petition signed

by more than twenty-five freeholders of Washington township, in Pike county, praying that an appropriation of $18,-570, being two per cent. upon the aggregate valuation of the taxable property of such township, as shown by the tax duplicate of Pike county for the year 1878, should be donated by Washington township to the Evansville, Washington and Worthington Railway Company, to aid in the construction of its railway through such township, and that the question of making such donation might be submitted to the legal voters of Washington township at an election to be held for that purpose; and that the county board then and there caused such petition to be entered upon its record, and after finding that the petition was signed by more than twenty-five freeholders of Washington township and was conformable to law, and that the prayer thereof ought to be granted, then and there ordered an election to be held in such township on the 17th day of February, 1879, for the purpose of taking the votes of the legal voters of the township upon the question of making the donation to the above named railway company, as prayed for in such petition.

It was further shown by competent evidence, that notices of such election were duly published and posted by the auditor and sheriff of Pike county, and their respective certificates in regard to such notices were entered upon the record of the county board; that such election was duly held, under the order of the county board and pursuant to such notices, and returns thereof were made by the proper election officers and board of canvassers, and were entered upon the record of the county board; and that these returns showed that two hundred and ninety-six votes were cast at such election in favor of making such donation, and that not one vote was cast against it. The evidence further showed that at its regular June session, 1879, the board of commissioners of Pike county entered of record the following order, to wit:

"In the matter of the application to aid in the construc-

tion of the Evansville, Worthington and Washington Railway Company:

"Whereas, at the January, 1879, special session of the board, held on the 15th day of January, 1879, it was ordered that an election should be held in Washington township, in this county, on the 17th day of February, 1879, at which election the voters of said township should determine by ballot whether or not said township should make a donation to aid said railroad company in the construction of their railroad through said township, to the amount of two (2) per cent. of the taxable value of the property of said township for the year 1878; and whereas it appears by the returns of said election it was duly held on the day aforesaid, that a majority of the votes cast at said election were for the railroad appropriation, and it further appearing that the sum of two (2) per cent. of the taxable value of property of said township for the year 1878 would produce the sum of $18,-770: It is therefore ordered that a levy of two (2) per cent. of the taxable value of the property of said township as shown by the tax duplicate for 1878 be, and the same is hereby made, and that the auditor shall place upon the tax duplicate of said township for collection during the ensuing year one (1) per cent. of this levy, and the remaining one (1) per cent. shall be placed upon the tax duplicate at the June session of this board in 1880, and that the same be collected as provided in an act entitled, An act to authorize and to aid in the construction of a railroad by counties and townships taking stock in or making donations to the railway companies, approved May 12th, 1869, and all other acts supplementary thereto.

"It is further ordered that upon the collection of said sum to be produced by said levy, the same or any part thereof shall on demand be paid over to said railway company when they have complied with the provisions of said act referred to relative to the construction of their said road, and the

terms and conditions set forth in the matter, and all the orders made by this board since the filing of said petition."

It was further shown by competent evidence that the auditor of Pike county placed the one per cent. tax, levied by the county board at its June session, 1879, upon the tax duplicate of that year for Washington township, and that such tax was paid by some of the taxpayers; that the unpaid portion of that levy was omitted by the auditor from the tax duplicates of succeeding years; that the county board failed at its June session, 1880, and had since failed and refused, to levy the additional one per cent. of the tax voted for; and that the railway of the railway company, in aid of which such tax was voted, was completed, and trains of cars were running thereon, through Washington township prior to December 1st, 1883, and prior to the commencement of this action.

Upon the evidence in the record, which we have briefly summarized, we are of opinion that the finding of the trial court ought to have been in favor of the appellant's relator. We learn from the briefs of counsel that the learned court which tried the cause below held that the evidence failed to show that the board of commissioners of Pike county was lawfully convened in special session on the 15th day of January, 1879, when the petition of the freeholders of Washington township was presented to and considered by such board. This view of the evidence, as it seems to us, is erroneous and can not be sustained. The evidence conclusively shows, (1) that the auditor of Pike county issued a summons for the members of the county board to meet in special session on the 15th day of January, 1879, and placed the same in the hands of the county sheriff to be served, and (2) that the members of such board did meet in special session on the day and at the place named in such summons. It is true that the return of this summons is imperfect and incomplete in this, that it does not give the date of service and lacks the signature of the sheriff. But, with the presumptions that must be indulged, in the absence of any showing to the contrary, that

public officers discharge their official duties according to law, it must be held, we think, that the sheriff duly served such summons on each of the members of the county board, and that the special session of such board, on the day and at the place named in such summons, was duly and lawfully held under and pursuant to the notice thereby given.

Special sessions of the board of county commissioners are provided for, and the county auditor is expressly authorized to call such sessions, in sections 5737, 5738 and 5739, R. S. 1881, in force since October 10th, 1863. In *Wilson* v. *Board, etc.*, 68 Ind. 507, after a careful consideration of these sections of the statute, the court said : " Whatever notice the auditor, or other acting county officer, may give of such special session, and however and whenever such notice may be served, it seems to us that these matters become and are unimportant and immaterial, if, pursuant to such notice so served, the board of commissioners actually meet at the time indicated therein, in special session." And to the same effect, substantially, are the following cases: *Oliver* v. *Keightley*, 24 Ind. 514 ; *Board, etc.*, v. *Brown*, 28 Ind. 161 ; *Jussen* v. *Board, etc.*, 95 Ind. 567.

In the case last cited, it appeared that the members of the county board were served with written notices of the special session by the auditor in person, and not " by summons issued to and served by the sheriff; " and it was held, and correctly so we think, that the board of county commissioners was lawfully convened in special session, under and pursuant to the notice so served.

The sections of the Revised Statutes of 1881, above cited, are the only sections of an act entitled "An act providing for calling special sessions of boards of county commissioners," approved March 7th, 1863. Although this act contained no repealing clause or section, yet, as its provisions cover the whole subject-matter of the act of February 2d, 1855, " authorizing county auditors to call a special term of the board

of county commissioners," etc. (Acts 1855, p. 87), and were inconsistent therewith, and were evidently intended to supersede it and take its place, the older law is repealed by implication by the later statute. *Leard* v. *Leard*, 30 Ind. 171; *Longlois* v. *Longlois*, 48 Ind. 60; *Wagoner* v. *State*, 90 Ind. 504.

Our conclusion is that the finding of the court below was not sustained by sufficient evidence, and was contrary to law, and that, for these causes, the relator's motion for a new trial ought to have been sustained. This conclusion renders it unnecessary for us to consider or decide whether or not the court erred in the exclusion of offered evidence.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed Dec. 8, 1885.