No. 12,648.

## The Rochester, Rensselaer and St. Louis Railway Company v. Jewell.

CORPORATION.—*Summons.*—*Action in One County and Process to Another.*— *Presumption.*—Where, in an action against a corporation, the clerk of the county in which the action is brought issues a summons for the defendant to another county, it will be presumed, in the absence of any showing to the contrary, that such summons was properly issued to, and served in, such county, under section 316, R. S. 1881, because there was no person, officer or agent of the defendant in the county where the action is pending, upon whom service could lawfully be had.

From the Miami Circuit Court.

*J. S. Slick* and *E. Myers*, for appellant.

*G. W. Holman, W. I. Howard, J. H. Bibler* and *M. L. Essick*, for appellee.

HOWK, C. J.—The only errors assigned by the appellant, the defendant below, upon the record of this cause, are the overruling of its motions to quash the summons herein, and to set aside the service thereof.

It is shown by the record that, prior to the 5th day of February, 1884, this action was commenced by appellee, Jewell, against the appellant, in the circuit court of Fulton county; but there is no memorandum, recital or file-mark in the transcript before us to indicate the precise time he filed his complaint herein. On the day last named, the appellant, by its attorney, appeared specially to this action, in the Fulton Circuit Court, and moved the court in writing to quash the writ of summons herein, and, also, to set aside the service thereof. These motions were overruled by the court, and to these rulings appellant excepted, and filed its bill of exceptions; and on its further motion, the venue of the action was then changed to the court below. There the cause was put at issue by appellant's answer in general denial, and the trial thereof by the court resulted in a finding and judgment for appellee.

Did the Fulton Circuit Court err in overruling appellant's motions to quash the writ of summons herein, and to set aside the service thereof? The writ of summons, which appellant moved the court to quash, was sealed, dated and tested by the proper clerk, on the 22d day of January, 1884, and was addressed and issued to the sheriff of Pulaski county. It commanded such sheriff to summon the appellant to appear in the Fulton Circuit Court, before the judge thereof, on the 5th day of February, 1884, to answer the appellee's complaint. The sheriff returned such writ of summons, "served by reading to, and within the hearing of," the appellant's president and secretary, on the 24th day of January, 1884. Appellant first moved the court to quash the writ, "for the reason that such summons was issued to the sheriff of Pulaski county before it was made to appear, in any manner, that no officer, upon whom service could be made, could be found in the county where this suit is pending." This motion having been overruled, appellant then moved the court to quash the writ and set aside the service thereof, for the following reasons:

"*First.* Such summons was issued by the clerk of this court and sent to the sheriff of Pulaski county to be there served by him, before it was in any manner made to appear that no person, officer or agent could be found in the county where this suit is pending, upon whom service could be legally made; and,

"*Second.* Because such summons was served by the sheriff of Pulaski county upon persons in that county, claimed to be officers of defendant, before it was in any manner made to appear that no officer, person or agent of the defendant, upon whom service could be legally made, could be found in the county where this action is pending."

This motion was also overruled by the court. The rulings upon these two motions are the only errors upon which the appellant relies for the reversal of the judgment of the trial court. From the reasons assigned by appellant in support of these motions, it is manifest that they were predicated upon

the provisions of section 316, R. S. 1881. So far as applicable to the case in hand, and the questions presented herein for consideration and decision, this section provides as follows:

" The process against either a domestic or foreign corporation may be served on the president, presiding officer, mayor, chairman of the board of trustees, or other chief officer (or, if its chief officer is not found in the county, then upon its cashier, treasurer, secretary, clerk, general or special agent) ;. * * * * * if none of the aforesaid officers can be found, then upon any person authorized to transact business in the name of such corporation; and if no such person, officer, or agent be found in the county where suit is pending, process may be sent, for service, to any other county in the State where such person, officer, or agent may be found."

It is not claimed, on behalf of the appellant, that appellee's suit herein was not well and properly brought in the Fulton Circuit Court. But it is claimed that process could not be lawfully issued for the appellant, to appear and answer the complaint in such suit, to any other county than the county of Fulton, until it had been first shown, in some manner, that there was no officer, person or agent of the defendant in such county, upon whom service of such process could be lawfully made. It is further claimed by appellant that, until such showing had been made, such process could not be lawfully served by the sheriff of any county other than Fulton. Because the record of this cause contains no such showing, appellant's counsel earnestly insist that its motions to quash the process issued herein to the sheriff of Pulaski county, and to set aside the service thereof, were well taken, and ought to have been sustained. In this view of the question presented we do not concur with counsel.

Conceding, without deciding, that if, at the time of the issue and service of process herein, there had been any person, officer or agent of the appellant in Fulton county, upon whom process herein might have been lawfully served, the issue of

process to, and its service by, the sheriff of Pulaski county were wholly unauthorized by the statute; still, it does not follow that the circuit court erred in overruling appellant's motions either to quash the summons herein, or to set aside the service thereof. The clerk of the Fulton Circuit Court issued a summons herein for the appellant to the sheriff of the county of Pulaski. With the presumptions that are always indulged by the courts, in the absence of any showing to the contrary, that public officers discharge their official duties according to law, it must be presumed, we think, in the case in hand, that such clerk properly and lawfully issued the summons for the appellant herein to the sheriff of Pulaski county, because there was no person, officer or agent of the appellant in Fulton county, where this suit was then pending, upon whom such summons could be lawfully served. This presumption in favor of the action of such clerk, in the issue of the summons herein to the sheriff of Pulaski county, and in favor of the legality of the service thereof by such sheriff, must be indulged, and would prevail until it was shown, in some manner, that there was at the time some person, officer or agent of appellant in Fulton county, where this suit was then pending, upon whom a summons herein might have been lawfully served by the sheriff of such county. *State, ex rel.,* v. *Board, etc.,* 104 Ind. 123. No such showing was made, or attempted to be made, by the appellant in the case under consideration.

For the reasons given, we are of opinion that no error was committed by the court in overruling appellant's motions to quash the summons herein, and to set aside the service thereof.

The judgment is affirmed, with costs.

Filed Sept. 15, 1886.