## KLAUSS, TREASURER, *v.* CITIZENS NATIONAL BANK.

[No. 7,772. Filed January 10, 1911.]

1. STATUTES.—*Inclusion of Repealed Statute in Burns's Revision.* —The inclusion of a repealed statute in Burns's revision of the Indiana statutes adds nothing to its force. p. 689.

2. TAXATION.—*Banks.—Statutes.—Repeal.*—Section ten of the act of 1903 (Acts 1903 p. 49, §8474 Burns 1905), providing that taxes assessed upon bank stock shall become a lien thereon which shall not be affected by a sale of the shares, and that such tax shall be paid by the bank, was repealed by §10212 Burns 1908, Acts 1907 p. 624, §5, providing that, upon notice, the bank shall pay the taxes assessed against each share by taking such sum from the dividends belonging to such share, or from subsequent dividends that may become due. p. 689.

3. STATUTES.—*Implied Repeal.*— The latter of two inconsistent statutes passed at different times will repeal the former by implication. p. 689.

4. STATUTES.—*Repeal.*—A subsequent statute which covers the entire subject-matter of an earlier one, repeals the earlier by implication. p. 689.

5. TAXATION.—*Methods.*—The power of taxation is an incident of sovereignty and must be exercised according to the statutory methods provided. p. 689.

6. TAXATION.— *Banks.— Stockholders.— Method of Collection.*— Taxes assessed upon shares of bank stock in 1909 could not lawfully be assessed against the bank, but should have been assessed to the stockholders. p. 690.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Suit by the Citizens National Bank against Otto L. Klauss, as Treasurer of Vanderburgh County. From a decree for plaintiff, defendant appeals. *Affirmed.*

*George A. Cunningham* and *Daniel H. Ortmeyer,* for appellant.

*Woodfin D. Robinson* and *William E. Stilwell,* for appellee.

ADAMS, J.—This suit was brought by appellee against appellant, as treasurer of Vanderburgh county, for the purpose of enjoining him from collecting or attempting to collect certain taxes claimed to be illegally assessed against appellee.

The material averments of the complaint are that on March 1, 1909, the nominal capital stock of appellee was $200,000, divided into 2,000 shares of $100 each; that appellee was on said date the owner of certain real estate in Vanderburgh county, Indiana, of the assessed value of $46,-030; that appellee was at the time of the filing of said complaint the owner of said real estate; that on May 10, 1909, one of the officers of appellee made out and delivered to the auditor of said county a statement purporting to show the amount of capital stock of appellee and its value on March 1, 1909; that the amount of surplus funds which said bank had on said date was $40,000, and that the amount of undivided profits on said date was $16,757.29; that said statement also showed that said bank owned real estate on said day of the value of $46,030; that this statement was filed with the auditor of said county, and by such auditor was placed before the county board of review of said county at the regular annual meeting of said board; that said board of review proceeded to determine and settle what it believed to be the true cash value of each share of capital stock of said bank, taking into consideration the nominal capital, surplus and profits, and fixed the value of said shares at $133,700; that thereafter said auditor placed upon the tax duplicate, pursuant to the order of the county board of review, said capital stock at a valuation of $133,700; that taxes were assessed thereon for the year 1909 in the aggregate sum of $3,690.12, and that said shares of capital stock of appellee were assessed to appellee bank and so placed upon the tax duplicate; that a copy of said tax duplicate was subsequently delivered to appellant.

It is further averred that on March 1, 1909, and for more than six months prior thereto and for more than six months subsequent thereto, the capital stock of said bank had been and was impaired to the full amount thereof, and that said shares had no value whatever, and that said bank had no surplus and no undivided profits; that said assessment by said board of review was wrongful and unlawful, for the reason that at said time said bank had no capital, surplus nor profits; that appellee on March 1, 1909, owned, and it still owns, real estate in Vanderburgh county of the value of more than $40,000, and that said real estate was assessed for taxes for said year at a valuation of $46,030; that on April 28, 1910, prior to the bringing of this suit, appellee paid to the treasurer of said county the sum of $618.67, as and for the taxes assessed against said real estate, being the amount of taxes due and payable on said real estate for the year 1909, and that no taxes are legally due from appellee to appellant for any purpose; that appellant is in possession of the tax duplicate of said county containing said unlawful assessment to appellee of the shares of capital stock, and that such assessment is a lien upon all the real estate and other property owned by appellee, and that said appellant is threatening to collect said taxes and will collect them unless restrained by order of court.

The prayer is for a temporary restraining order and a perpetual injunction upon final hearing.

The cause was put at issue by an answer in general denial. Upon the hearing the court found for appellee, and appellant was perpetually enjoined from attempting to levy on any real estate or other property of appellee for the purpose of collecting any taxes assessed on the shares of capital stock of appellee for the year 1909.

At the trial appellee introduced the statement of the cashier of the Citizens National Bank filed with the auditor of Vanderburgh county, which set out the name and residence of each stockholder, the number of shares owned by

each, and the par value thereof, showing the capital stock to be $200,000, the surplus, $40,000, the undivided profits, $16,-757.29, and the real estate to be of the value of $46,030; also, the record and proceedings of the board of review of said county, showing the assessment upon the value of the capital stock, surplus and undivided profits of said bank to be $179,-730; also, certain pages of the tax duplicate of said county for the year 1909, showing the name and number of shares of each stockholder of said bank, assessed for taxation at $179,-730, less the real estate, $46,030, leaving a balance of $133 - 700.

Appellee also introduced in evidence a statement coming from the office of the treasurer of said county, showing that personal property in the sum of $133,700 was assessed to the Citizens National Bank.

Appellant offered in evidence certain pages of the tax duplicate of Vanderburgh county for the year 1909, showing real estate assessed to the Citizens National Bank at a valuation of $39,790.

No other evidence was offered on the trial of the cause.

The only error relied on by appellant for reversal is the overruling of his motion for a new trial, in that the decision of the court is not sustained by sufficient evidence and is contrary to law.

There is but one question to be considered on this appeal, and that is the right of appellant to collect taxes assessed against appellee on the shares of capital stock owned by the stockholders of appellee.

The method of assessing bank stock has been the subject of numerous enactments by the legislatures of this State. The last expression on this subject was the act of March 12, 1907 (Acts 1907 p. 624, §§10208-10212 Burns 1908).

Section one of said act (§10208, *supra*) provides ''that the shares of capital or capital stock of any bank, banking association or trust company located within this State,

whether organized under the laws of this State or the United States, or of any other state or country, shall be assessed to the owner thereof in the township, city or town where such bank, banking association or trust company is located and shall be taxed at the same rate as other property in the same locality is taxed and with reference to its value on the first day of March of the current year.''

Section three of said act (§10210, *supra*) reads thus: ''The president, cashier or other accounting officer of any bank * * * shall between the first day of March and the twenty-fifth day of March of each year make out a statement under oath, in duplicate, showing the number of shares, certificates of capital or capital stock of such bank, * * * the name and residence of each stockholder or shareholder with the number of shares owned by such stockholder or shareholder in such bank, * * * and shall affix what he deems the true cash value of each of said shares and also the true cash value of the entire capital or capital stock of such bank * * * as of the first day of March and shall deliver said statements to the auditor of the county wherein such bank * * * is located, and said county auditor upon the meeting of the county board of review shall lay such statement before said board of review, who shall thereon value and assess the capital or capital stock of such bank * * * as provided for in this section, in all respects the same as similar property belonging to other corporations and individuals, and whenever any such bank * * * shall have acquired real estate, the assessed value of such real estate shall be deducted from the valuation of the capital or capital stock of such bank. * * * In making such statement of the true cash value of such shares, the credits shall be given and the *bona fide* indebtedness of such banks * * * deducted therefrom as in case of individuals. The county board of review shall determine and settle the true cash value of each share of stock after an examination of such

statement and also an examination under oath of such officer
if it be deemed necessary and in determining and fixing the
true cash value of each of said shares of stock, it shall take
into consideration the capital, surplus, undivided and indi-
vidual profits, if any, just as it would with respect to other
moneyed capital in the hands of individual citizens of the
State.''

Section five of said act (§10212, *supra*) provides: ''It
shall be the duty of every such bank,   *   *   *   or the man-
aging officer or officers thereof, after being notified in writ-
ing to do so by the county treasurer, to retain so much of any
dividend or dividends belonging to such stockholders, as
shall be necessary to pay any tax levied upon their shares of
stock respectively, until it shall be made to appear to such
bank,   *   *   *   or its officers, that such taxes have been
paid, and any officer of any such bank   *   *   *   who shall
pay over, or authorize the paying over, of any such dividend
or dividends, or any portion thereof contrary to the pro-
visions of this section, shall thereby become liable for such
tax, or the bank   *   *   *   may pay the tax due from any
of its shareholders, and retain the amount thereof from any
subsequent dividends.''

It is conceded that the sections of the statute heretofore
quoted were in full force during all of the time covered
by this controversy, but it is insisted by appellant that sec-
tion ten of the act of February 25, 1903 (Acts 1903 p. 49),
was also in force during said time.

Section ten of said last-named act (§8474 Burns 1905)
provides: ''Taxes assessed upon shares of stock of bank,
banking association or trust companies shall become a lien
thereon upon the first day of March of the current year, and
such lien shall be in nowise affected by any sale or transfer
of such stock.   Such taxes shall be paid by the bank   *   *   *
in the same manner that other individuals or corporations
pay their taxes, and subject to the same penalties.''

Said section was carried into Burns Annotated Statutes of

1908 (§10214 Burns 1908), and we do not find that it
1. has been repealed by express statute. The appearance
of this section in Burns Annotated Statutes, however,
adds nothing to its force.

To the extent that it provides that "such taxes shall be
paid by the bank   *   *   *   in the same manner that other
individuals or corporations pay their taxes, and sub-
2. ject to the same penalties," it is clearly inconsistent
with the provisions of the act of 1907, *supra.*

Where two inconsistent statutes relating to the same
subject-matter, but passed at different times, are to be con-
strued, the court will give effect to the latest expres-
3. sion of the legislature, and will hold the earlier statute
to be repealed by implication.   *State, ex rel.,* v. *Board,
etc.* (1908), 170 Ind. 595; *State, ex rel.,* v. *District Court, etc.*
(1909), 107 Minn. 437, 120 N. W. 894; 1 Lewis's Sutherland,
Stat. Constr. (2d ed.) §247; Black, Interp. of Laws p. 115;
Endlich, Interp. of Stat. §183.

Where the new act covers the whole subject-matter of a
former act, the evident intention is that the new act shall take
the place of the old one, and the old law is repealed,
4. because the circumstances evince an intention that the
old law, in the form it was, is no longer to exist.
*Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 249; *State,
ex rel.,* v. *Board, etc.* (1885), 104 Ind. 123, 129.

The act of 1907, *supra,* being the only expression of the
legislative will in respect to the listing and assessing of such
taxes, the question arises, Can taxes assessed in a manner not
authorized by statute be collected? Or, as in this case, Can
appellee be compelled to pay taxes which should have been
assessed against the stockholders?

The power of taxation is an incident of sovereignty, and
the right to tax, being an extraordinary one, must be
5. exercised pursuant to authority given, and must be in
conformity with the provisions of the statute relating
thereto.

It is said in 1 Cooley, Taxation (3d ed.) 598: "The assessment being so important, the statutory provisions respecting its preparation and contents ought to be observed with particularity. They are prescribed in order to secure equality and uniformity in the contributions which are demanded for the public service, and if officers, instead of observing them, may substitute a discretion of their own, the most important security which has been devised for the protection of the citizens in tax cases might be rendered valueless."

There being but one statutory method for listing and assessing bank stock in 1909, which was to list and assess it to the individual owners of such stock, it follows that

6. the shares held and owned by the individual stockholders could not be lawfully assessed to the bank corporation.

There was no error in overruling appellant's motion for a new trial. Judgment affirmed.