## CLEVELAND *v.* EMERSON ET AL.

[No. 7,963. Filed November 7, 1912.]

1. STATUTES.—*Repeal.*—*Repeal by Implication.*—Although the repeal of statutes by implication is not favored, where two inconsistent statutes relating to the same subject-matter, but passed at different times, are to be construed, the court will hold the earlier statute to be repealed by implication. p. 343.

2. STATUTES.—*Repeal.*—*Subject-matter Covered by New Act.*—Where a new act covers the whole subject-matter of a former act, it is the intention that the new act shall take the place of the old one, and the old law is repealed. p. 343.

3. FALSE IMPRISONMENT.—*Town Clerk.*—*Judicial Powers.*—*Statutes.*—Section 27 of the cities and towns act (§9001 Burns 1908, Acts 1905 p. 219) defines the powers and duties of a town clerk, and §32 of said act (§9009 Burns 1908) provides a method of enforcing penal ordinances different from that provided in the act of 1901 (Acts 1901 p. 57, §4346 Burns 1901) making it the duty of a town clerk to enforce the ordinances of the town, and vesting him with the powers of a justice of the peace, and the latter act, though not repealed in express terms, was clearly within the purview of the act of 1905 and was repealed by implication, so that a town clerk in issuing a warrant for the arrest of a person charged with violating an ordinance, and a town marshal in serving such warrant, were acting without authority of law and were trespassers. p. 343.

4. APPEAL.—*Action for False Imprisonment.*—*Review.*—*Instructions.*—In an action for damages for false imprisonment, simply

stating the issues to the jury is not a sufficient compliance with §558 Burns 1908, subd. 5, §533 R. S. 1881, requiring the court to give general instructions to the jury, but the court should also have stated the law relating to false imprisonment.    p. 344.

5. TRIAL.—*Instructions.—Duty of Court.*—Although parties desiring special instructions given must present same to the court, §558 Burns 1908, subd. 5, §533 R. S. 1881, makes it mandatory on the court, at the conclusion of the argument, to give general instructions to the jury.    p. 344.

6. FALSE IMPRISONMENT.—*Instructions.—Officers.—Defense.*—In an action for false imprisonment on a warrant issued by a town clerk and served by the town marshal, an instruction telling the jury that the fact that the defendants were the duly elected and acting clerk and marshal of the town "is not a complete defense to the action," was erroneous, since such fact constitutes no defense to the action.    p. 344.

7. FALSE IMPRISONMENT.—*Instructions.—Assumption of Fact.—Jury Question.*—In an action for false imprisonment, an instruction which told the jury that, in determining the question of damages, it had a right to take into consideration that the officers had investigated as to their authority in the prosecution, and as to the guilt of plaintiff and her motive in committing the act with which she was charged, was erroneous in that it assumed that such investigation had been made, when the existence of such fact was a question for the jury to determine.    p. 344.

8. FALSE IMPRISONMENT.—*Warrant Issued by Town Clerk.—Proof Essential to Recovery.*—To entitle plaintiff to recover in an action for false imprisonment on a warrant issued by a town clerk, it was only necessary for her to show that defendants imposed an unlawful restraint on her freedom of movement or action.    p. 345.

9. FALSE IMPRISONMENT.—*Malice.—Exemplary Damages.*—In an action for false imprisonment, it is not necessary to aver that the imprisonment was either wrongful, unlawful, malicious or without probable cause, to justify a jury in assessing exemplary damages, since if the imprisonment is extra-judicial, without legal process, it is false imprisonment, and the right of recovery is not limited to compensatory damages.    p. 345.

10. FALSE IMPRISONMENT.—*Instructions.—Evidence.*—In an action for false imprisonment, an instruction which told the jury that if it believed that plaintiff, by her actions and conduct, invited and encouraged the proceeding complained of, and was conniving at her own imprisonment, she could not recover, was inapplicable and misleading, where the evidence merely showed that plaintiff knew that the ordinance under which she was arrested had been passed, that she had been advised that the act giving the town clerk judicial powers had been repealed, and that she had said

she knew her act was a violation of the ordinance, but that she was "going to give them a pull." p. 346.

11. APPEAL.— *Review.— Instructions.— Verdict.— Presumptions.*— Where only one instruction was given by the trial court that authorized a verdict for defendant, it must be presumed that such verdict was returned on such instruction. p. 346.

12. APPEAL.—*Reversal.—Judgment.—Nominal Damages.*—While a judgment will not be reversed to enable the complaining party to recover nominal damages, this rule does not apply where there was evidence on which the jury, under proper instructions, might be warranted in awarding more than nominal damages. p. 347.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Kate Cleveland against Zachariah T. Emerson and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Roscoe U. Barker,* for appellant.

*James H. Blackburn,* for appellees.

ADAMS, P. J.—Action by appellant against appellees for false imprisonment. Trial by jury, with verdict and judgment for appellees. The single error assigned and relied on for reversal is that the court erred in overruling appellant's motion for a new trial.

The causes for a new trial set out in the motion are that the court erred in giving to the jury certain instructions of its own motion and other instructions at the request of appellees, and failing to give general instructions; also that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. There is little, if any, dispute as to the facts material to the determination of the appeal.

It is admitted, without contradiction, that on May 14, 1908, Cynthiana was an incorporated town of Posey county, Indiana; that appellees Emerson and Gudgel were respectively the duly elected, qualified and acting town clerk and town marshal; that on and before said date there was an ordinance of the town of Cynthiana making it unlawful for any person to throw "soapsuds or waste water" into

the streets of said town, which ordinance prescribed a penalty of not more than $5 for the violation thereof; that on said day appellee Gudgel filed an affidavit with appellee Emerson, town clerk, sworn to before said clerk, charging appellant with unlawfully violating said ordinance; that on this affidavit Emerson, as town clerk, issued a warrant for the arrest of appellant, and placed the same in the hands of Gudgel to execute; that Gudgel did execute the warrant by taking appellant into his custody on said day, and bringing her before the town clerk, where, appellant refusing to plead or defend, evidence was heard, appellant found guilty, and the maximum fine assessed; that appellant was in the custody of the appellees and restrained of her liberty for about three hours.

It is obvious that the controlling question relates to the right of the town clerk on May 14, 1908, to exercise judicial functions, and involves the question whether the act of February 28, 1901 (Acts 1901 p. 57, §4346 Burns 1901), making it the duty of a town clerk to enforce the ordinances of the town, and vesting him with the powers of a justice of the peace as defined by law, was then in force. If this act was in force on said date, the imprisonment in ordinary course was lawful, and, regardless of the guilt or innocence of the appellant, the clerk and marshal were acting within the powers given to them by law. If, however, said act was repealed by the enactment of §27 of the act in force April 15, 1905 (Acts 1905 p. 219, §9001 Burns 1908), then the assumption of such powers by the clerk and marshal was unlawful and wrongful, and appellees were trespassers, and liable to persons injured by such unlawful assumption of power.

The act of 1901, *supra,* defines the duties and powers of a town clerk. Section 27 of the act of 1905, *supra,* likewise defines the duties and powers of a town clerk. Section 32 of the act of 1905 (Acts 1905 p. 219, §9009 Burns

1908), provides for the prosecution of violations of town ordinances, having penalties affixed.

1. While it is true that the repeal of statutes by implication is not favored, it is the settled law of this State that where two inconsistent statutes relating to the same subject-matter, but passed at different times, are to be construed, the court will give effect to the latest expression of the legislature, and will hold the earlier statute to be repealed by implication. *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595, 85 N. E. 513; *State, ex rel.,* v. *District Court, etc.* (1909), 107 Minn. 437, 120 N. W. 894; *Klauss* v. *Citizens Nat. Bank* (1911), 46 Ind. App. 683, 689, 93 N. E. 558; 1 Lewis's Sutherland, Stat Constr. (2d ed.) §247; Black, Interp. of Laws 115; Endlich, Interp. of Stat. §185.

2. It is also a recognized rule in this jurisdiction that where the new act covers the whole subject-matter of a former act, the evident intention is that the new act shall take the place of the old one, and the old law is repealed, because the circumstances evince the intention that the old law in the form it was is no longer to exist. *Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 259, 38 N. E. 803; *State, ex rel.,* v. *Board, etc.* (1885), 104 Ind. 123, 129, 3 N. E. 807.

3. The cities and towns act of 1905 includes a legislative expression of the powers and duties of town clerks, provides a different method of enforcing penal ordinances, and repeals all former laws within the purview of the act. The act of 1901 was not repealed in express terms, but was clearly within the purview of the act of 1905, and was repealed by implication. This was the holding of the trial court in passing on the complaint and answers. It therefore follows that appellee Emerson, in issuing the warrant and assuming judicial powers he did not possess, and appellee Gudgel, in serving the unlawful warrant and tak-

344 APPELLATE COURT OF INDIANA.

ing appellant into custody, were acting without authority of law, and were trespassers.

Complaint is made that the trial court gave no general instructions to the jury. The court, as a part of the instructions, read the complaint and answer, but in a case of this kind, it is not sufficient simply to state the issues. It is the rule that where parties desire special instructions, it is their duty to present such instructions to the court, but there is a difference between special instructions and general instructions. By §558 Burns 1908, subd. 5, §533 R. S. 1881, it is made mandatory on the court, at the conclusion of the argument, to give general instructions to the jury.

This was an action for false imprisonment, and it was the duty of the court to state the law to the jury relating to false imprisonment. Otherwise, the jury could not know whether an unlawful act had been committed or not, and could not intelligently consider the evidence. No such instruction was given, nor was any instruction given to the jury of the elements to be taken into consideration in assessing damages, if the finding should be for the plaintiff.

The court of its own motion instructed the jury as follows: "The fact that the defendant Zachariah T. Emerson and the defendant Alvin E. Gudgel were the duly elected and acting clerk and marshal of the town of Cynthiana respectively, is not a complete defense to this action. However, you have the right, in determining this case on the question of damages, to take into consideration the fact that the officers aforesaid had investigated and attempted to find out whether or not they had judicial authority in the prosecution, and whether or not the defendant was actually guilty of the offense with which the officers attempted to charge her, and whether or not she sought the imprisonment with a view to bringing suit against the officers for damages."

The first part of the instruction, in which the jury is

told that the fact that defendants were the duly elected and acting clerk and marshal of the town is not a complete defense to the action, is clearly erroneous. The admitted fact set out is *no* defense to the action, and the court properly sustained a demurrer to an answer setting up such fact in justification. The concluding part of the instruction is also erroneous, in that it assumes as a fact that the defendants had investigated the question of their authority, the guilt of the plaintiff, and her motive in violating the ordinance. Whether such investigation was made by defendants, was a question for the jury.

8. To entitle plaintiff to recover in some amount, it was only necessary for her to show that defendants imposed an unlawful restraint on her freedom of movement or action. *Efroymson* v. *Smith* (1902), 29 Ind. App. 451, 455, 63 N. E. 328.

9. Other instructions given by the court at the request of defendants relate to matters which might be considered by the jury in fixing the amount of damages, in the event the finding was for plaintiff. Appellant insists that these instructions were erroneous, for the reason that the unlawful acts charged in the complaint were not averred to have been done maliciously, and as only compensatory damages are claimed, evidence in mitigation of damages cannot be received. There is no merit in this contention. It is not necessary to aver in a complaint for false imprisonment that such imprisonment was either wrongful, unlawful, malicious or without probable cause. If the imprisonment is extrajudicial, without legal process, it is false imprisonment. *Colter* v. *Lower* (1871), 35 Ind. 285, 9 Am. Rep. 735; *Carey* v. *Sheets* (1877), 60 Ind. 17. Nor does the law limit the right of recovery to compensatory damages. Without any averment of malice, the jury has a right to assess exemplary damages, when the facts justify such assessment. Such damages do not necessarily depend on malice, but may be awarded when the wrongful

act is wilfully done in an oppressive manner, or with a reckless disregard of the rights of the complaining party. *Harness* v. *Steele* (1902), 159 Ind. 286, 289, 64 N. E. 875; *Farman* v. *Lauman* (1881), 73 Ind. 568.

The court also, at the request of defendants, instructed the jury as follows: "If you believe from the evidence that the plaintiff, Kate Cleveland, by her actions and conduct invited and encouraged the proceeding complained of, and was conniving at her own imprisonment, either for the purpose of bringing an action for damages or for any other purpose, your verdict should be for the defendants."

As this was the only instruction given by the court which authorized a verdict for defendants, it must be presumed that the verdict was returned on this instruction. It is doubtless true that where the evidence discloses a state of facts whereby it is clearly shown that a defendant in an action of this kind connived at and sought his own imprisonment, such facts would be a bar to his right of recovery. We have, however, carefully read the evidence, and find no proof in the record from which such an inference might lawfully be drawn. The evidence shows that appellant after the passage of the ordinance did empty her tubs into a ditch which was constructed for her benefit at the side of the street. It is also shown that she had knowledge of the ordinance, and had indirectly been advised by Mr. Kilroy that the act giving a town clerk the powers of a justice of the peace had been repealed; that she said on one or two occasions, when told that her act was a violation of the ordinance, that she knew it, but was "going to give them a pull". Her violation of the ordinance cannot be considered as affecting her right of recovery; neither can the fact, that she had been advised of the lack of authority in the town clerk to issue a warrant. She could not know that the officers would not proceed against her in a manner authorized by law, and her expression of "giving them a pull" could

not warrant such an inference. The instruction was not applicable to the evidence, and was, therefore, misleading and erroneous.

It is finally contended by appellees that even if the judgment is erroneous, there has been no showing made of anything more than nominal damages, and that this court 12. will not reverse a judgment to enable the complaining party to recover nominal damages. The last statement is a correct expression of the law, but we cannot say that the evidence, under proper instructions of the court, would warrant only nominal damages. Wounded pride, humiliation and mortification, resulting from a public arrest, are proper elements to be taken into consideration in assessing damages in a case of this kind. Such damages are compensatory, and the amount is to be determined by the jury under the evidence. We have also seen that exemplary damages may be awarded where the wrongful act is done in a wanton manner or with a reckless disregard for the rights of the complaining party. In this case, the evidence shows that appellee Gudgel, after receiving the warrant from appellee Emerson, deputized one McReynolds to assist him in making the arrest, in anticipation of trouble; that they went to the home of appellant, and in the presence of her invalid husband, her children and her grandchildren, put her under arrest. They used no violence, but commanded her to come with them, which she did without protest; that they took her through the principal business street of the town, and to the office of the clerk, where many people were gathered, and where she was held in custody for the period of three hours. She testified that she went with the officers because the marshal had a club, and she knew that she must go; that she was humiliated, and has been ashamed to go to church or to public meetings, on account of the disgrace; that she has been made nervous, and cannot sleep on account of brooding over her arrest.

For error of the court in overruling the motion for a new

trial, the judgment is reversed, with instructions to the trial court to sustain said motion, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 99 N. E. 796. See, also, under (1) 36 Cyc. 1071, 1073; (2) 36 Cyc. 1077; (3) 19 Cyc. 334; (5) 38 Cyc. 1594; (6) 19 Cyc. 374; (9) 19 Cyc. 371; (11) 3 Cyc. 313; (12) 3 Cyc. 444, 446. As to instructions based upon matters assumed to be facts but not proved at the trial, see 14 Am. St. 44. As to absence of authority, or of due process, as ground of action for false imprisonment, see 67 Am. St. 413. Liability of officer for making an arrest, see 51 L. R. A. 193.