STINE *v.* SHUTTLE ET AL.

[No. 19,452. Filed November 20, 1962.]

*Russell S. Armstrong,* of Evansville, for appellant.

*Wilbur F. Dassel,* of Evansville, for appellees, Allen Shuttle and Ermon Hoover, Jr.

*Jerome L. Salm* and *Raymond P. Knoll,* both of Evansville, for appellees, Clarence McCoy, City Clerk of Evansville, and the City of Evansville.

COOPER, P. J.—This is an appeal from the Superior Court of Vanderburgh County wherein the appellant

filed a complaint in one paragraph to recover damages allegedly sustained by the appellant because of an alleged false arrest. It also appears from the record that the appellant herein filed an amended complaint to which the appellees filed a joint and several demurrer to the appellant's amended complaint, which was sustained by the trial court. It also appears that the appellant, failing and refusing to plead over, elected to abide by the ruling of the court on said demurrer for the purpose of appeal. Thereafter, the trial court accordingly entered judgment against the appellant and for each of the appellees on said demurrer.

The assigned error before us, in substance, is the court erred in sustaining the demurrers of the defendants below.

The pertinent part of the appellant's amended complaint reads as follows:

"1. That at all times herein complained of and on or about the 16th day of November, 1957, defendants, Allen Shuttle and Ermon Hoover, Jr., and each of them, were duly appointed and acting policemen of and in, and members of, the Police Department of the defendant, City of Evansville, Indiana.

"2. That at all times herein referred to and on or about the said 16th day of November, 1957, the defendant, Clarence McCoy, was the duly elected, qualified, and acting City Clerk of the said defendant, City of Evansville, Indiana, and in said capacity did duly and with proper authority employ, for and on behalf of said defendant, City of Evansville, Indiana, others to assist in the transaction of business conducted in the office of the said City Clerk of the said City of Evansville, Indiana.

"3. That on or about the said 16th day of November, 1957, plaintiff was, without justification and without cause or proper reason, as hereinafter alleged, arrested by the said defendants, the

said Shuttle and the said Hoover, and each of them, on a warrant issued by the said defendant, Clarence McCoy, acting as the duly elected, qualified, and acting City Clerk of the said defendant, the said City of Evansville, Indiana, as aforesaid, and by and through said employees in said office of said City Clerk, and each of them, which said warrant was issued as aforesaid improperly and without proper cause, as more particularly alleged hereinafter, as aforesaid; that plaintiff was forced and compelled by the defendants, Allen Shuttle and Ermon Hoover, Jr., upon his said arrest to ride from his home to the police station in a paddy wagon of said Police Department, and plaintiff was also at the time of his said arrest forced by said defendants, Shuttle and Hoover, to submit to a search of his person, all of which procedure took place out-of-doors and under circumstances which exposed plaintiff to the observation of others during said transactions aforesaid.

"4. That said warrant was issued for plaintiff's arrest on the ground that plaintiff failed to pay an overtime parking fine automatically imposed by the defendant, City of Evansville, Indiana, for plaintiff's failure to place the proper or sufficient amount of money in an appropriate mechanical meter, which was at all times herein complained of located and situate within the city limits of said City of Evansville, Indiana, and serving the parking space therein in which plaintiff had parked his automobile on the occasion of his said failure to deposit the proper or sufficient amount of said money for the duration of such parking, as aforesaid, but that more than twenty-four (24) hours prior to said arrest, as aforesaid, said fine was paid by, for, and on behalf of the plaintiff at and to the said Police Department of the said defendant, City of Evansville, Indiana, and that a proper receipt, showing the said payment of said fine, as aforesaid, and issued on a regular form of said Police Department, was given to the plaintiff by said Police Department on the occasion and at the time the said fine was paid, as aforesaid; that the defendants, Allen Shuttle and Ermon Hoover, Jr.,

and each of them, prior to and at the time of the said arrest of the plaintiff, as aforesaid, and the defendant, Clarence McCoy, as City Clerk of the City of Evansville, at the time said warrant was issued as aforesaid, and prior to and at the time of said arrest, as aforesaid, knew and had knowledge that said fine had been paid as aforesaid.

"5. That plaintiff was, at said time, the news editor of the Evansville Courier, a daily newspaper published in the City of Evansville, County of Vanderburgh, State of Indiana.

"6. That by reason of said wrongful acts of the defendants, and each of them, as aforesaid, plaintiff was forced and compelled to undergo great and severe mental pain and anguish and humiliation and to suffer damage and hurt to his reputation in his profession and among his friends and associates and in his neighborhood. . . ."

It also appears that the pertinent parts of the demurrer and memorandum aver that the statutory grounds to the plaintiff's complaint fail to state facts sufficient to constitute a cause of action against the defendants, and, in their memorandum attached thereto, state among other things that the City of Evansville, Indiana, in the absence of a special statute, which imposes liability, is not liable for the tortious acts of its officers and servants in connection with a governmental function; that Clarence McCoy as Clerk of the City of Evansville was performing a judicial function at the time he executed the warrant in question and as he was an executive officer of the City, he was not liable to individuals, either for a failure to perform or for a negligent performance of such duties, where no corruption or malice is imputable, and keeps strictly within the limits of his powers; and further avers that a police officer is protected in executing a warrant regular on its face and is not liable for false arrest or false imprison-

ment, even though in truth, the warrant was wrongfully issued and without authority.

The only question before us is: Does the appellant's complaint state a cause of action against each or any of the defendants under the law applicable to the facts averred?

It is generally recognized that in the phrases "false arrest" and "false imprisonment," the word "false" comes from the common law and is synonymous with unlawful. See Words and Phrases, Permanent Edition. We note that the appellant uses the phrase "false arrest" throughout his complaint and in the Law of Arrest by Alexander, Vol. 2, p. 1543, we also find the following statement:

> "A false arrest is an unlawful arrest. The arrest or detention is real, not false, but the grounds therefor are false, not real."

With the foregoing in mind, we will now turn our discussion to the sufficiency of the complaint under the averments thereof.

It is the general rule of law that a tort action for false arrest, or false imprisonment, is based upon deprivation of one's liberty without legal process that may arise when arrest or detention is without warrant or a warrant that charges no offense, or is void or the person arrested is not the person named in the warrant and all that must be averred or shown in the deprivation of one's liberty without legal process. See *Cleveland* v. *Emerson* (1912), 51 Ind. App. 339, 99 N. E. 796; *Efroymson* v. *Smith* (1902), (T. D.), 29 Ind. App. 451, 63 N. E. 328; *Melton* v. *Rickman* (1945), 225 N. C. 700, 36 S. E. 2d 276, 162 A. L. R. 793; *George* v. *Leonard*, D. C. S. C., 71 F. Supp. 662, 664. Therefore,

it appears that the arrest in such actions must be based upon a void, erroneous or irregular process. We find the general statement of law well stated in Vol. 35, C. J. S., p. 535, distinguishing between void, erroneous and irregular process, which general statements read, as follow:

> "While the courts ordinarily distinguish between void and voidable process in determining liability for false imprisonment, there is, however, some apparent confusion in the decisions as to the use of the terms. Void process has been defined to be such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its vitality in consequence of noncompliance with a condition subsequent, obedience to which is rendered essential. It is not necessary to set aside void process before starting suit for false imprisment.

> "*Erroneous process.* Erroneous process usually signifies process issued because of the mistake or error of the court in a proceeding properly brought before it. It is a protection for acts done under it while it was in force.

> "Irregular process. Irregular process has been broadly defined to be such as the court has general jurisdiction to issue but which is unauthorized in the particular case by reason of the existence or nonexistence of some fact or circumstance rendering it improper in the given case. The term has also been used in a narrower sense to mean process in obtaining which the party has proceeded without taking the steps required by law. In the latter sense the distinction from erroneous process lies in the fact that in the case of an arrest under irregular process the party is responsible for irregularity, and in the case of an arrest under erroneous process the court is responsible. Irregular process is a protection until set aside, and, before the arrested party can sue for false imprisonment, it is usually necessary to have the irregular process vacated by the

court, although in cases where the process is issued as a matter of course or ministerially, it seems that it may not be necessary to have it set aside. When set aside it is not a protection to the party who procured it, even for acts done under it while in force, although it protects the officer serving it."

It is also a general rule of law that a process or warrant not void on its face issued by a tribunal having general jurisdiction of the subject matter is a protection to the officer executing it, and the officer is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded, or to exercise his judgment touching its validity in a point of law or by the fact that the process may have been obtained fraudulently or that his feelings toward the party arrested were malicious or by notice of facts which might render the arrest improper. Even though a process may have been issued irregularly by a party who might be liable, it is nevertheless a protection to the officer executing it. See Vol. 35, C. J. S., p. 539-540. It is only where a process is void on its face that the arresting officer is not protected. Vol. 35, C. J. S., p. 541.

By reason of what we have heretofore said, it is apparent that the trial court did not err in sustaining the demurrer to the defendants Allen Shuttle and Ermon Hoover, Jr.

We next turn our attention to the averments and the demurrer as to the defendant Clarence McCoy as City Clerk of the City of Evansville, who is also the Clerk of the City Court of said City.

We judicially know that Evansville, Indiana is a city of the second class, having a population of under

250,000; that the duties of a City Clerk as Clerk of the City Court are set forth in §4-2406, Burns' 1946 Repl., wherein, it states among other duties, in part, ". . . he shall issue all process of such court, . . . ."

It appears that the appellee City Clerk in his demurrer argued that certain functions of the City Clerk imposed by law are judicial in nature and at such times the Clerk is a judicial officer. With this contention, we cannot agree.

It is the general rule of law that a clerk is a ministerial officer only and cannot exercise a judicial function. This rule is well stated in the case of *Steve* v. *Colosimo* (1937), 211 Ind. 673, at 677, 7 N. E. 2d, 983, wherein our Supreme Court stated:

> "There is no merit in the contention of the appellant that the statute conferred judicial power upon the clerk. The clerk of the circuit court is authorized by law to issue many writs, without order of court, upon the filing in court of proper pleadings, such as summons, subpoena, writ of replevin, writ of attachment, *warrent of arrest,* (sic) writ of garnishment, writ of execution, and order of sale upon the filing of a praecipe, and in so doing he performs a ministerial and not a judicial act." (Our emphasis)

It necessarily follows that if the Clerk of the Circuit Court in issuing a warrant of arrest is exercising a ministerial function and not a judicial function, the same rule certainly would apply to a City Clerk acting as a Clerk of the City Court. See Opinions of the Attorney General, 1951, Opinion 104, beginning at p. 312; *Gregory* v. *The State, ex rel. Gudgel* (1883), 94 Ind. 384, 385.

As we have heretofore pointed out, our Supreme Court's holding that the issuance of a warrant is a

ministerial act; we further find the rule well stated in Vol. 35, C. J. S., p. 573, §44(e):

> "Ordinarily the rule exempting judicial officers from liability for false imprisonment arising out of their official acts does not apply to purely ministerial acts.

> "The rule of exemption in favor of judicial officers does not apply to acts which are not judicial but purely ministerial in character. For a detention brought about by illegalities or irregularities in such duties they are liable in damages to the person arrested, and this is especially so where their acts are done with corrupt motives."

We also find the following statement in West's I. L. E., Vol. 5, p. 186, in discussing liability of clerks of courts:

> "Clerks may also be held liable to respond in damages to persons injured by their official negligence or misconduct." (See also, Vol. 14, C. J. S., §53, p. 1252.)

We are of the opinion under the above-announced rule that the foregoing complaint states a cause of action against Clarence McCoy as City Clerk of the City of Evansville, Indiana.

The general rule of law is that a municipality is not liable for the acts or negligence of its officers in enforcing police regulations, said regulations include the making and enforcement of all such laws and ordinances as pertain to the comfort, safety, health, convenience, good order and welfare of the public, and it is well settled that such corporation is not liable for the acts of its officers in attempting to enforce police regulations, as such regulations are not made or enforced in the interest of the local corporation in its private capacity but in the

interests of the public. See *Mayne* v. *Curtis, Rec.* (1920), (T. D.), 73 Ind. App. 640, 647, 126 N. E. 699.

By reason of what we have heretofore stated, the judgment of the trial court is affirmed as to the City of Evansville, Indiana and Allen Shuttle and Ermon Hoover, Jr., and each of them, and reversed as to Clarence McCoy, City Clerk of the City of Evansville, Indiana.

This cause is remanded to Superior Court of Vanderburgh County, with instructions to overrule the demurrer of the defendant, Clarence McCoy, City Clerk of Evansville, Indiana.

Kelley, C. J., Ryan, Pfaff, JJ., concur in opinion.

Bierly, J., concurs in result.

Ax, Myers, JJ., concur in that part of the opinion relating to the sustaining of the demurrer as to the police officers and the City of Evansville, Indiana, but dissent, without opinion, with the following statement: "We are of the opinion that in this particular case the Clerk of the City of Evansville was performing a judicial function and that the demurrer should also be sustained as to the Clerk of the City of Evansville."

Gonas, J., not participating.

NOTE.—Reported in 186 N. E. 2d 168.