Michelle EDWARDS, Appellant–
Plaintiff,

v.

VERMILLION COUNTY HOSPITAL
and County of Vermillion, State of
Indiana, Appellees–Defendants.

No. 61A01–9103–CV–81.

Court of Appeals of Indiana,
First District.

Aug. 19, 1991.

---

Dennis H. Stark, Fleschner, Fleschner, Stark, Tanoos & Newlin, Terre Haute, for appellant-plaintiff.

Michael L. Carter, LaCava, Zeigler & Carter, Indianapolis, for appellees-defendants.

ROBERTSON, Judge.

Michelle Edwards appeals the entry of summary judgment in favor of the Vermillion County Hospital.

We reverse.

In her action against the hospital, Edwards alleged that she had been arrested on April 12, 1988 on a warrant issued out of the Vermillion Circuit Court reflecting that she had failed to appear in court on March 14, 1988 regarding a debt allegedly

owed the hospital; that the indebtedness had in fact been paid and satisfied approximately one month prior to the court date; that the hospital was aware that the debt had been satisfied prior to the trial date; and that despite this knowledge, the hospital refused or failed to take proper and adequate steps to inform the court that the debt had been satisfied. Edwards alleges that an employee of the hospital did call the clerk's office and ask that the court be notified and the action be dismissed but the court never received the message. As a proximate cause of the hospital's negligence in failing to ensure that the court was properly informed, Edwards was arrested and suffered serious temporary and permanent emotional distress. The trial court, viewing Edwards' complaint solely as one alleging the negligent infliction of emotional distress, granted summary judgment in favor of the hospital on the ground that Edwards' mental anguish or suffering was not accompanied by physical injury.

■ In reviewing the propriety of the trial court's entry of summary judgment, we apply the same standard as applied by the trial court. We must construe the pleadings, depositions, answers to interrogatories, and affidavits in the light most favorable to the non-moving party. Only if such evidence shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law should the summary judgment be affirmed. *Cullison v. Medley* (1991), Ind., 570 N.E.2d 27, 28.

■ All that need be averred or shown to sustain a cause of action for false arrest or imprisonment is a deprivation of one's liberty without legal process. *Dubreuil v. Pinnick* (1978), 178 Ind.App. 526, 383 N.E.2d 420, 422, *trans. denied.* The arrest in such actions must be based upon a void, erroneous or irregular process.[1] *Stine v. Shuttle* (1962), 134 Ind.App. 67, 73, 186 N.E.2d 168, 171. *See also* Restatement (Second) of Torts § 35, 123 (1977) (warrant valid if regular in form, issued by court having authority to issue warrant and jurisdiction over person, and all proceedings required for proper execution of warrant duly taken place). As a general rule, all those who by direct act or indirect procurement personally participate in or proximately cause the unlawful restraint or detention are liable as joint tort-feasors, regardless of the degree or extent of individual activity and each is so liable although he did not know the detention was illegal in its inception. *Dubreuil,* 383 N.E.2d at 422. Hence, the first inquiry must be whether Edwards' restraint was accomplished by a process which was unlawful.

■ Upon this issue, we find a genuine issue of material fact. The hospital argues simply that because a warrant issued from the Vermillion Circuit Court and that fact is undisputed, the legal process was valid. Edwards testified during her deposition, however, that she never received notice of the March 14 court date. Nor is there evidence in the record establishing the existence of a court order directing her to appear, which might serve as a basis for a contempt proceeding or the issuance of a body attachment, or evidence that Edwards had been personally served with a contempt citation. Indeed, Edwards stated in her deposition that she had no knowledge of any proceedings until the police came to

---

**1.** Void process is defined as that which the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its vitality in consequence of noncompliance with a condition subsequent, obedience to which is rendered essential. *Stine v. Shuttle* (1962), 134 Ind.App. 67, 73, 186 N.E.2d 168, 172. Erroneous process usually signifies process issued because of the mistake or error of the court in a proceeding properly brought before it. It is a protection for acts done under it while it was in force. *Id.* Irregu-

lar process has been broadly defined to be such as the court has general jurisdiction to issue but which is unauthorized in the particular case by reason of the existence or nonexistence of some fact or circumstance rendering it improper in the given case. The term has also been used in the narrower sense to mean "process in obtaining which the party has proceeded without taking the steps required by law." *Id.* In the case of an arrest under irregular process, the party is responsible for the irregularity and in the case of an arrest under erroneous process the court is responsible. Irregular process is a protection until set aside. *Id.*

her door and arrested her. Whether the hospital played any role in the failures of service and the filing of contempt proceedings as intended by court rule is simply not discernible from the record.

The hospital contends that, as a governmental entity, it is immune from liability by reason of the Indiana Tort Claims Act, Ind.Code 34–4–16.5–3(9), which provides that a governmental entity is not liable if a loss results from the act or omission of someone other than the governmental entity or its employee. Under this provision, the hospital would escape liability only if it can be said that the intervening conduct of court personnel was not reasonably foreseeable at the time of the hospital's wrongful conduct, *see Maroon v. State Department of Mental Health* (1980), Ind.App., 411 N.E.2d 404, 417, *trans. denied,* as a matter of law. As we indicated above, we cannot ascertain from the record whether the hospital directly or indirectly procured Edwards' arrest as contemplated by small claims court rules. The parties having failed to present evidence on the question of proximate cause, we are not prepared to say as a matter of law that the actions of the clerk or court were not reasonably foreseeable.

Judgment reversed.

RUCKER, J., concurs.

RATLIFF, C.J., concurs in result.