**GRANT COUNTY COMMISSIONERS and Grant County Sheriff, Appellants–Defendants,**

v.

**Mark COTTON, Appellee–Plaintiff.**

No. 27A02–9610–CV–633.

Court of Appeals of Indiana.

March 21, 1997.

Robert T. Keen, Jr., Diana C. Bauer, Miller Carson Boxberger & Murphy LLP, Fort Wayne, for Appellants.

P. Robert Dawalt, Jr., Marion, for Appellee.

**OPINION**

FRIEDLANDER, Judge.

We granted the Grant County Sheriff's petition to accept jurisdiction of this interlocutory appeal, which involves the trial court's denial of the Sheriff's motion for summary judgment in this false arrest and false imprisonment action instituted by Mark Cotton.

The Sheriff raises several issues on appeal, but we address only the following dispositive issue:

Was the Sheriff entitled to summary judgment based upon a claim of immunity for detaining Cotton pursuant to an outstanding and facially valid arrest warrant issued by a judge of the Grant Superior Court?

We reverse and remand for entry of an order granting summary judgment in favor of the Sheriff.

Following a domestic dispute at his girlfriend's home, Cotton was arrested and taken to the Grant County Jail on June 26, 1994 on charges of simple battery, public intoxication, and residential entry. On June 27, 1994, Cotton posted bond and was released from jail.

On June 28, 1994, a Grant County deputy prosecutor filed a four-count information in Grant Superior Court 3, formally charging Cotton with criminal confinement, battery resulting in bodily injury, public intoxication, and criminal mischief for his actions during the domestic dispute on June 26th. The same day, a Grant Superior Court judge issued an arrest warrant commanding that Cotton be arrested to answer to these charges. The arrest warrant stated in pertinent part:

TO: THE SHERIFF OF GRANT COUNTY
OR
ANY LAW ENFORCEMENT OFFICER

YOU ARE HEREBY COMMANDED TO ARREST MARK COTTON If he may be found in your Bailiwick, so that you have his body before the Judge of the GRANT SUPERIOR COURT 3 OF GRANT COUNTY, instanter, then and there to answer the State of Indiana on a charge(s) of Count 1—Confinement, Class D Felony; Count 2—Battery Resulting in Injury, Class A Misdemeanor; Count 3—Public Intoxication, a Class B Misdemeanor; and Count 4—Criminal Mischief, Class B Misdemeanor and abide the order of the Court thereon and return this writ.

Bond:$5,000/500, cash, surety, property.

*Record* at 72. There is nothing in the record or in the parties' appellate briefs to explain why the June 28, 1994 arrest warrant was sought and obtained because Cotton had already been arrested and posted bond in this cause on charges related to his actions on June 26, 1994.

On Sunday, July 10, 1994, Cotton's automobile was pulled over by officers from the Marion Police Department at approximately 7:00 p.m. After Cotton was informed that there was an outstanding warrant for his arrest, he told the officers that he had already posted bond on the charges and showed them his bond papers. Nonetheless, Cotton was arrested and taken to the Grant County Jail, where he was booked in at approximately 8:53 p.m. There is no claim that the Grant County Sheriff's Department had anything to do with the procurement of the arrest warrant or with Cotton's arrest on July 10, 1994.

At the Grant County Jail, Cotton again displayed his bond papers, but he was informed that he could not be released. That evening, Cotton telephoned his mother and requested that she contact his attorney. Cotton was released from jail the next day at 9:31 a.m.

Cotton thereafter brought this action for compensatory and punitive damages against defendants Grant County Commissioners and the Grant County Sheriff. Defendants filed a motion for summary judgment, and the trial court dismissed the Commissioners from the case. The trial court also dismissed Cotton's request for punitive damages, but denied the motion for summary judgment with regard to the Sheriff. The court determined that a genuine issue of material fact existed with regard to whether the Sheriff held Cotton for an excessive period of time after being notified that he had already posted bond and thus subjected him to false imprisonment.

■■■■ When reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *McGraw–Edison Co. v. Northeastern Rural Elec. Membership Corp.*, 647 N.E.2d 355 (Ind.Ct.App.1995). Thus, no deference is given to the judgment of the trial court. *Id.* The party seeking summary judgment bears the burden of establishing the propriety of

granting the motion. *Haas Carriage, Inc. v. Berna,* 651 N.E.2d 284 (Ind.Ct.App.1995). In determining whether summary judgment is appropriate, the trial court must liberally construe all facts and inferences from the designated evidentiary matter in favor of the nonmoving party. *Id.* Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *McGraw–Edison Co.,* 647 N.E.2d 355. Where the parties do not dispute the facts material to the claim, this court determines whether the trial court correctly applied the law to the undisputed facts. *Id.*

It is well settled that, under the circumstances presented here, the Sheriff is entitled to immunity.[1] In *Stine v. Shuttle,* 134 Ind. App. 67, 186 N.E.2d 168, 172 (1962), this court stated:

> It is also a general rule of law that a process or warrant not void on its face issued by a tribunal having general jurisdiction of the subject matter is a protection to the officer executing it, and the officer is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded, or to exercise his judgment touching its validity in a point of law or by the fact that the process may have been obtained fraudulently or that his feelings toward the party arrested were malicious or by notice of facts which might render the arrest improper. Even though a process may have been issued irregularly by a party who might be liable, it is nevertheless a protection to the officer executing it. It is only where the process is void on its face that the arresting officer is not protected. [Citations omitted.]

*See also Elzey v. Archer,* 500 N.E.2d 1253 (Ind.Ct.App.1986), *cert. denied,* 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (sheriffs and their deputies are protected from liability for claims of false imprisonment for executing process issued irregularly where process was not void on its face and was issued by a court with general jurisdiction over the subject matter).

Federal courts applying Indiana law have also determined that sheriffs and wardens are entitled to judicial immunity when carrying out an order of a judge who is acting in a judicial capacity:

> The defendant sheriff and warden have no choice under Indiana law but to carry out the order of a judge when that judge is acting in his judicial capacity in a matter over which he has jurisdiction. To require the sheriff or warden to investigate and to independently determine if the sentence was legally imposed would be absurd. Here when carrying out a direct order of a court, the sheriff and warden enjoy the immunity afforded the committing judge.

*Zuranski v. Anderson,* 582 F.Supp. 101, 108–109 (N.D.Ind.1984). *See also Jones v. Bowman,* 694 F.Supp. 538 (N.D.Ind.1988).

■ The Indiana Tort Claims Act did not abolish judicial immunity for actions taken in the exercise of a judicial function. *Cato v. Mayes,* 270 Ind. 653, 388 N.E.2d 530 (1979); *Jones,* 694 F.Supp. 538. While the Tort Claims Act does not render county sheriffs immune from liability for false imprisonment committed within the scope of their employment, Ind.Code Ann. § 34–4–16.5–3(7) (West Supp.1996); *Jones,* 694 F.Supp. 538, a sheriff who detains an individual for an extended period of time solely as a result of a judge's order is still entitled to judicial immunity from a claim of false imprisonment. *Jones,* 694 F.Supp. 538.

■ Here, the Sheriff was entitled to immunity for actions taken in detaining Cotton until the validity of the arrest warrant could be ascertained. The trial court therefore erred in denying the Sheriff's motion for summary judgment.

Judgment reversed. This case is remanded to the trial court for entry of an order granting summary judgment in favor of the

---

1. We note that the Sheriff relies upon this court's decision in *J.A.W. v. State,* 650 N.E.2d 1142 (Ind.Ct.App.1995) to support the claim of immunity. Our Supreme Court granted transfer in *J.A.W.* in October 1995. When transfer is granted, this court's opinion is vacated. *Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429 (Ind. Ct.App.1996). Thus, the Sheriff's reliance on this case is misplaced.

Sheriff.   KIRSCH, J., and BAKER, J., concur.