**WARNER TRUCKING, INC.,**
Defendant–Appellant,

v.

**CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Carl C. HALL, Jr. and Sheri Hall, Plaintiff–Appellee.**

No. 20S03–9603–CV–212.

Supreme Court of Indiana.

Oct. 7, 1997.

Timothy W. Woods, Wendell G. Davis, Jr., Jones, Obenchain, Ford, Pankow, Lewis & Woods, South Bend, for Appellant.

Robert W. Miller, Miller & Miller, Elkhart, for Plaintiff–Appellee.

DICKSON, Justice.

This motor vehicle collision case involves a trial court's denial of summary judgment motions filed by the defendant trucking company and its insurance carrier.

The plaintiffs-appellees, Carl and Sheri Hall, were injured when their automobile collided with a truck owned by the defendant-appellant Warner Trucking, Inc., and driven by its employee, Carl Manuel. The Halls brought an action for damages against Warner Trucking and its driver. The Halls alleged vicarious liability against the trucking company on grounds that the driver was working within the scope of his employment when the accident occurred. Warner Trucking's liability insurance carrier, Carolina Casualty Insurance Company, brought a separate action for declaratory judgment to establish that it had no obligation under its insurance contract with Warner Trucking to defend or provide coverage for the claims seeking to impose personal liability upon the employee-driver.

Warner Trucking and Carolina Casualty each sought summary judgment. The trial court consolidated the two actions and, in a thorough opinion, denied both motions for summary judgment, but later authorized Warner Trucking and Carolina Casualty to take an interlocutory appeal. The Court of Appeals accepted the appeal and held that both summary judgment motions should have been granted. *Warner Trucking, Inc. v. Hall,* 653 N.E.2d 1057 (Ind.Ct.App.1995). We granted transfer.

While the party losing in the trial court must persuade us that the trial court's decision was erroneous, we face the same issues as did the trial court and analyze them in the same way. *Ambassador Fin. Servs. v. Indiana Nat'l Bank,* 605 N.E.2d 746, 751 (Ind.1992). Summary judgment is appropriate only if the designated evidentiary matter shows the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). A party opposing summary judgment is not required to come forward with contrary evidence until the moving party demonstrates the absence of a genuine issue of material fact. *Kennedy v. Murphy,* 659 N.E.2d 506, 508 (Ind.1995). On appellate review, we construe the pleadings, affidavits, and designated materials in a light most favorable to the non-movant. *Heck v. Robey,* 659 N.E.2d 498, 500 (Ind.1995). When there are material disputed facts, or if undisputed facts give rise to conflicting reasonable inferences that affect the outcome, they must be resolved in favor of the non-movant. *Mullin v. South Bend,* 639 N.E.2d 278, 281 (Ind. 1994); *Cowe v. Forum Group, Inc.,* 575 N.E.2d 630, 633 (Ind.1991). We give careful scrutiny to assure that the losing party is not improperly prevented from having its day in court. *Landmark Health Care Assoc. v. Bradbury,* 671 N.E.2d 113, 116 (Ind.1996).

## 1. Warner Trucking's Motion for Summary Judgment

Warner Trucking contends that it is entitled to summary judgment because its driver was not acting within the scope of his employment when the accident occurred due to his violation of a company rule.

Lou Warner, the company president, stated in her deposition that Warner Trucking had a rule that its drivers "were to consume no alcoholic beverages and get in one of my trucks" and that this rule was made known "to every employee as they were hired through the orientation process." Record at 196. In her affidavit in support of summary judgment, she declared, "Warner Trucking had a strict rule that no driver was allowed to drive a company vehicle if the driver had consumed any alcoholic beverage that day,

regardless of the quantity consumed." Record at 101. The driver in the present case was scheduled to deliver a truckload of recreational vehicles early in the morning of June 15, 1990. After Warner Trucking's office had closed on June 14, 1990, the driver and his family attended a cookout at a fellow employee's residence. The driver consumed two shots of hard liquor and drank beer throughout the evening. He then left the cookout with his family in their private automobile and drove to the employer's business premises. The driver told his wife that he was going to sleep in the truck. His wife left to drop their children off at home and, upon returning, found that her husband had unhooked the cab/tractor from the semi-trailer and driven away. While driving the tractor, the employee collided with the Halls' vehicle. Warner Trucking contends that the violation of the no-drinking rule establishes that the driver was not authorized to drive at the time of the accident and thus was outside the scope of employment. We disagree.

▆▆▆ Contrary to Warner Trucking's argument, the existence of a rule prohibiting behavior is not solely determinative. An employer is vicariously liable for the wrongful acts of employees committed within the scope of employment. *Stropes by Taylor v. Heritage House Childrens Center of Shelbyville, Inc.,* 547 N.E.2d 244, 247 (Ind.1989). The critical inquiry is not whether an employee violates his employer's rules, but whether the employee is in the service of the employer.

Even though an employee violates the employer's rules, orders, or instructions, or engages in expressly forbidden actions, an employer may be held accountable for the wrongful act if the employee was acting within the scope of employment. *See Eagle Motor Lines, Inc. v. Galloway,* 426 N.E.2d 1322, 1325 n. 3 (Ind.Ct.App.1981); *Mock v. Polley,* 116 Ind.App. 580, 586–87, 66 N.E.2d 78, 81 (1946); *The Pittsburgh, Cincinnati and St. Louis Ry. Co. v. Kirk,* 102 Ind. 399, 402, 1 N.E. 849, 852 (1885). Acts done "on the employee's own initiative, with no intention to perform it as part of or incident to the service for which he is employed" are not "in the service of the employer" and are thus outside the scope of employment. *Stropes,* 547 N.E.2d at 247 (citations omitted). However, an employee's wrongful act may still fall within the scope of his employment if "his purpose was, to an appreciable extent, to further his employer's business, even if the act was predominantly motivated by an intention to benefit the employee himself" or if the employee's act "originated in activities so closely associated with the employment relationship as to fall within its scope." *Id.* Warner Trucking's vicarious liability for the acts of its driver therefore does not depend upon the driver's permission to drive, but rather upon the relationship of the driver's activities to the business of Warner Trucking.

▆▆▆ Reviewing only the evidence specifically designated to the trial court,[1] we find

---

1. We note that, in their consolidated appellate brief, Warner Trucking and Carolina Casualty cite evidence that they did not specifically designate to the trial court. An appellate court is prohibited from finding a genuine issue of material fact, or lack thereof, unless the facts and relevant evidence were *"specifically designated* to the trial court." *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431, 434 (Ind.1993) (emphasis in original). Therefore, in determining whether the trial court erred in ruling on the summary judgment motion, an appellate court may rely *only* upon the designated factual materials actually presented to the trial court during summary judgment proceedings, not designations appearing for the first time in appellate briefs.

We also note with concern the Halls' contention that Warner Trucking did not specifically designate the materials it wished the court to consider in its ruling on the Motion For Sum-

mary Judgment, stating that Warner Trucking designated:

1. Plaintiff's Complaint;
2. Defendant's Answer;
3. . . .;
4. Affidavit of Lou Warner filed simultaneously herewith; and
5. Deposition of Lou Warner filed simultaneously herewith.

Brief of Appellee at 9 (citing Warner Trucking's Motion For Summary Judgment, Record at 90). The Halls' argument is misleading. Warner Trucking's third itemized material—which the Halls chose to conceal by use of ellipses—is: "Memorandum in Support of Motion for Summary Judgment filed simultaneously herewith." Record at 90. Said accompanying memorandum has specific designations for the factual allegations made by Warner Trucking to the trial court. Such designation of materials in a memorandum accompanying the summary judgment

that the deposition of Warner Trucking's president raises a genuine issue of material fact as to this issue.[2] Specifically, the deposition established that the president gave a cash advance to the driver the night of the accident and that the "cash advance is money for [the driver] to use to pay for fuel...." Record at 164. The deposition also established that employees usually fueled at "Yoder Oil" and that the accident occurred on the route from Warner Trucking's place of business to Yoder Oil. The designated materials show that it was not "unusual for a truck driver to take a tractor to be gassed up on the day before he was going to make a run if that run was going to be early in the morning" or "for drivers to sleep in the tractors," even if the employee lived in town. Record at 149, 155. Additionally, there were two official sets of keys to all semi-tractors: the employees kept one set of keys, the president kept the other.

Applying our standard favoring the party opposing summary judgment, we find that the deposition raises a genuine issue of material fact regarding whether the employee-driver acted within the scope of his employment. The trial court did not err in denying Warner Trucking's motion for summary judgment.

### 2. Carolina Casualty's Motion for Summary Judgment

In its declaratory judgment action, Carolina Casualty does not question its contractual obligation to provide coverage for Warner Trucking, but seeks to establish that its insurance policy provides no coverage for liability that may be personally imposed upon the driver of the Warner Trucking vehicle involved in the accident.[3] Carolina Casualty contends that its summary judgment motion

should have been granted because the policy provides no coverage for the personal liability of employees driving a company vehicle without permission. Carolina Casualty's claim of no coverage is based not upon the issue of scope of employment, but rather upon its contention that the employee drove contrary to Warner Trucking's express rule denying permission to drivers who had been drinking.

It is undisputed that the Carolina Casualty "Commercial Transportation Policy" issued to Warner Trucking contains the following provision in "Part III—Liability Insurance":

D.  WHO IS INSURED.
1. You [Warner Trucking Company] are an insured for any covered truck.
2. Anyone else is an insured *while using with your permission* a covered truck you own, hire or borrow except someone using a covered truck while he or she is working in a business of selling, servicing, repairing or parking trucks or automobiles.
3. Anyone liable for the conduct of an insured described above is an insured described above but only to the extent of that liability.

Record at 84 (emphasis added). Carolina Casualty contends that, as a matter of law, the Halls' claim that Warner Trucking's driver had implied permission cannot satisfy the definition of insured under D(2) where the vehicle was used contrary to Warner Trucking's rule expressly restricting permission.

■■■■ When interpreting insurance policies providing coverage to persons (other than the vehicle owner) operating a motor vehicle covered under the policy, Indiana adheres to the following rule:

---

**2.** motion satisfies the requirements of Trial Rule 56.

**2.** Warner Trucking and Carolina Casualty contend that certain statements made by the employee-driver "are not admissible because [the employee-driver] has no personal knowledge of the subject matter...." Brief of Appellant at 32. They argue that these statements cannot form the basis of an issue of material fact. We need not address this claim, as evidence from the deposition of Warner Trucking's president provides ample evidence as to the existence of a genuine issue of material fact, irrespective of the employee-driver's testimony.

**3.** Simultaneous with its opinion denying Carolina Casualty's summary judgment motion, the trial court also denied Carolina Casualty's petition for an entry of default judgment against Carl Manuel, the Warner Trucking driver, in part because he had "not been actually served" and because "a default judgment would not alter the Court's decision on the summary judgment motions." Record at 329. Because none of the parties to this appeal question the availability of a summary declaratory judgment purporting to affect the rights and interests of a named party who has not appeared nor been served, we decline to address the issue.

[O]ne who has permission of an insured owner to use his automobile continues as such a permittee while the car remains in his possession, even though that use may later prove to be for a purpose not contemplated by the insured owner when he entrusted the automobile to the use of such permittee.

*State Farm Mut. Auto. Ins. v. Gonterman,* 637 N.E.2d 811, 813 (Ind.Ct.App.1994) (quoting *Arnold v. State Farm Mut. Auto. Ins. Co.,* 260 F.2d 161, 165 (7th Cir.1958)). The effect of express restrictions upon such permission has been recently synthesized and summarized by Judge Najam:

> [W]hen the owner places restrictions on use of the vehicle, violations of such use restrictions may terminate the initial permission. When the owner of a vehicle places express restrictions on its use by others, the focus is not on whether the operator deviated from the contemplated use; the determinative question is whether *the operator's use of the vehicle was restricted in the first instance.* In a coverage dispute, permissive use cannot be implied when an express restriction on the scope of permission prohibits the use at issue.

*Gonterman,* 637 N.E.2d at 814 (emphasis in original) (internal citations and quotations omitted). *See also Liberty Mut. Ins. Co. v. Metzler,* 586 N.E.2d 897, 904 (Ind.Ct.App. 1992); *Hartford Ins. Co. v. Vernon Fire & Cas. Ins.,* 485 N.E.2d 902, 905 (Ind.Ct.App. 1985); *Michael v. Indiana Ins. Co.,* 469 N.E.2d 1222, 1224–25 (Ind.Ct.App.1984).

■ The materials designated for consideration in the summary judgment proceeding included Warner Trucking's previously noted rule that "no driver was allowed to drive a company vehicle if the driver had consumed any alcoholic beverage that day, regardless of quantity consumed." Record at 101. The Halls do not challenge the evidence that the driver was seen consuming alcohol and they designate no evidentiary materials challenging the existence, nature, or content of the

rule prohibiting driving after consumption of alcohol. Nor do they raise any issue as to whether Warner Trucking actually communicated this rule to its driver or whether the rule was consistently enforced. In response to Carolina Casualty's claim that the rule expressly restricted the grant of permission, the Halls only point to the fact that Warner Trucking had provided its driver with his own set of keys to the truck, that he had an early delivery scheduled for June 15, that the company had provided cash to purchase fuel, and that drivers regularly filled their tanks with fuel before making their run.

While these matters may be relevant to whether the employee acted within the scope of the employment, they are insufficient to contradict the designated materials which establish that the Warner Trucking driver's use of the company truck was restricted in the first instance—when he began to use the company truck after consuming alcohol. As recognized in *Gonterman,* implied permission is inadequate as a matter of law to overcome Warner Trucking's express restriction upon permission in the first instance. *Gonterman,* 637 N.E.2d at 814. Thus, because there is no issue of fact regarding the driver's violation of the company rule restricting permission, the Halls' claim of implied permission fails. There is no genuine issue of material fact as to the application of section (D)(2) defining "who is insured" in the Carolina Casualty insurance policy. The driver is not an insured under this provision.[4]

■ Notwithstanding our conclusion that the Carolina Casualty policy definition of "insured" excludes the Warner Trucking driver because he used the truck without permission, we address the Halls' alternative claim that coverage exists by reason of a Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement filed with the Interstate Commerce Commission and the Indiana Department of Transportation. *See* 49 U.S.C. § 14102 (1995); IND.CODE § 8–2.1–18–16 and –13 (1993). The Halls contend that the filing of this endorse-

---

4. In asserting that the Warner Trucking driver is an insured under the Carolina Casualty policy, the Halls also refer to an additional provision in section (D) of the policy: "None of the following is an insured: 1. Any trucker, or his or her agents or employees, other than you and your

employees; ..." Record at 54. However, we decline to read this negative provision which excludes persons from the definition of insured to constitute an affirmative inclusion of the employee-driver in this case.

ment and the Interstate Commerce Commission regulations "require coverage and supersede the insurance policy" and that the terms of the policy "are not applicable if they defeat the financial responsibility requirements of the Federal Government or the State of Indiana." Brief of Appellees at 28–29. However, the Halls fail to provide or identify any state or federal statute, regulation, or other authority requiring the motor-carrier's liability insurer to provide *personal* liability coverage for an employee-driver's of a company vehicle. Additionally, we note that there is no lessor-lessee relationship between Warner Trucking and its employee-driver and, therefore, the I.C.C. regulations are not applicable. *C.C. v. Roadrunner Trucking, Inc.*, 823 F.Supp. 913, 919 (D.Utah 1993) ("[T]he policy reasons supporting a strict interpretation of the ICC leasing regulations are nonexistent when the truck is owned by an ICC-regulated company and driven by its employee.... [W]here there is no leasing arrangement, problems in determining who is responsible for the operation of the truck do not arise."). *See also* 49 C.F.R. § 1057.1 (1996) (Applicability of Regulations).

In seeking summary judgment in its declaratory judgment action, Carolina Casualty did not claim that its insurance policy provides no coverage for any vicarious liability that may be imposed upon Warner Trucking for its driver's actions within the scope of his employment. Rather, Carolina Casualty asserts that its policy provides no coverage for any personal liability that may be assessed against the driver. As against the Halls, Carolina Casualty is entitled to summary judgment on this issue.

### Conclusion

We affirm the denial of Warner Trucking's Motion for Summary Judgment. This cause is remanded to the trial court to grant Carolina Casualty's Motion for Summary Judgment as against the Halls, and for further proceedings.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.