Brenda MILLER, Appellant–Plaintiff,

v.

CITY OF ANDERSON, Anderson Police Department, Officer Claude McCann, and Officer Mark Cole, Appellees–Defendants.

No. 48A02–0203–CV–203.

Court of Appeals of Indiana.

Sept. 19, 2002.

Publication Ordered Oct. 25, 2002.

Marianne Woolbert, Anderson, IN, Attorney for Appellant.

Robert W. Rock, Anderson, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Brenda Miller appeals the grant of summary judgment in favor of the defendants in her suit for wrongful arrest and negligence against the City of Anderson, the Anderson Police Department, Officer Claude McCann, and Officer Mark Cole, contending that a genuine issue of material fact regarding whether the officers acted reasonably in arresting her precludes the entry of summary judgment.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On May 15, 1997, Miller went to the home of Duane Didier, the father of her son. Didier contacted police. As Miller was removing a bicycle from Didier's garage, Officers McCann and Cole approached her about the possibility that she was violating a protective order by coming to Didier's home. The officers knew Miller from previous encounters relating to her relationship with Didier.

In response to the officers' questions, Miller stated that there was no protective order preventing her from being there. In addition, she showed the officers a chronological case summary showing that a protective order against her had been dismissed.

The officers called dispatch and asked them to contact the court to determine the status of the protective order. A court employee told the dispatcher that the protective order against Miller was still valid.

The officers arrested Miller for violating the protective order. Later, she was released after the officers determined that the protective order had been dismissed several days earlier.

Miller brought suit for negligence against the officers, the Anderson Police Department, and the City of Anderson. The defendants moved for summary judgment, arguing that the Indiana Tort Claims Act barred a suit for negligence against the government defendants. The

trial court granted the defendants' motion, and Miller now appeals.

## DISCUSSION AND DECISION

■ Miller contends that the trial court erred in granting summary judgment for the defendants. In determining the propriety of summary judgment, we apply the same standard as the trial court. *Harris v. Traini,* 759 N.E.2d 215, 220 (Ind.Ct.App.2001), *trans. denied* (2002). We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Id.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.; O'Bannon v. City of Anderson,* 733 N.E.2d 1, 2 (Ind.Ct.App. 2000). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Id.*

■ A trial court's grant of summary judgment is clothed with a presumption of validity, and the party that lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Zemco Mfg., Inc. v. Navistar Int'l Transp. Corp.,* 759 N.E.2d 239, 244 (Ind.Ct.App.2001), *trans. denied* (2002); *O'Bannon,* 733 N.E.2d at 2. A grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Zemco Mfg.,* 759 N.E.2d at 244–45.

■ On appeal, we are bound by the same standard as the trial court, and we consider only those matters that were designated at the summary judgment stage. *Zemco Mfg.,* 759 N.E.2d at 244; *O'Bannon,* 733 N.E.2d at 2. We do not reweigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Zemco Mfg.,* 759 N.E.2d at 244–45. To be considered genuine for summary judgment purposes, a material issue of fact must be established by sufficient evidence in support of the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial. *Street v. Shoe Carnival, Inc.,* 660 N.E.2d 1054, 1056–57 (Ind.Ct.App.1996).

Miller contends that the defendants are not entitled to summary judgment because there remains a genuine issue of material fact with regard to whether Officers McCann and Cole acted reasonably in arresting her.

■ While the issue of an actor's immunity from liability under the Indiana Tort Claims Act ("ITCA") may, at times, require factual development, the issue remains a question of law for the courts. *City of Anderson v. Davis,* 743 N.E.2d 359, 362 (Ind.Ct.App.2001), *trans. denied.* We therefore review claims of governmental immunity de novo. *Id.* We owe the trial court no deference, and we will substitute our judgment for that of the trial court if necessary. *Id.*

IC 34–13–3–3(7) provides that: "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment[.]"

■ Thus, the pivotal issues with regard to immunity for negligence claims against police officers and their employers under the ITCA are whether the officers were acting within the scope of their em-

ployment and whether the plaintiff's loss occurred as a result of law enforcement activities. Strangely, Miller debates neither of these.

■ "Enforcement" means those activities in which a government entity or its employees compel or attempt to compel the obedience of another to laws, rules or regulations, or sanction or attempt to sanction a violation thereof. *Davis*, 743 N.E.2d at 364 (quoting *Mullin v. Mun. City of South Bend*, 639 N.E.2d 278, 283 (Ind.1994)). In *Grant County Comm'rs v. Cotton*, 677 N.E.2d 1103, 1104–05 (Ind.Ct. App.1997), *trans. denied* the plaintiff was arrested after a domestic dispute, posted bond, and was released. Two days later, the prosecutor filed an information formally charging him as a result of the incident. The same day, a judge issued an arrest warrant on the charges despite the fact that the plaintiff had already been arrested and posted bond on them.

Two weeks later, the plaintiff's automobile was pulled over by police officers, who informed him that there was an outstanding warrant for his arrest. He told the officers that he had already posted bond on the charges and showed them his bond papers. Nonetheless, the plaintiff was arrested. At the jail, the plaintiff again displayed his bond papers, but he was informed that he could not be released. He was released from jail the next morning.

The plaintiff sued the county commissioners and sheriff. The defendants filed a motion for summary judgment, which the trial court denied as to the sheriff. The court determined that a genuine issue of material fact existed with regard to whether the sheriff held the plaintiff for an excessive period of time after being notified that he had already posted bond and thus subjected him to false imprisonment. Without discussion, we summarily concluded: "It is well settled that, under the

circumstances presented here, the Sheriff is entitled to immunity." *Id.* at 1105.

■ Likewise, here, Miller's claim arises from the actions of Anderson police officers in arresting her pursuant to their belief·that she was violating the law. Although this belief was later determined to be erroneous, the defendants have immunity from Miller's negligence claim under the ITCA because they were engaged in law enforcement duties. Thus, the defendants were entitled to summary judgment on Miller's negligence claim. *See also Davis*, 743 N.E.2d at 365 (use of police dog to apprehend escapee was "plainly" effort to enforce law and therefore immunized); *Indiana State Police Dep't v. Swaggerty*, 507 N.E.2d 649, 651 (Ind.Ct.App.1987), *trans. denied* (assisting in chase of fleeing vehicle is act enforcing law).

Although Miller's complaint relies on a negligence theory, in her appellate brief she focuses on "whether the Appellees acted reasonably and properly." *Appellant's Brief* at 6. We therefore conclude that she also raises a claim for false imprisonment or false arrest, which would fall outside the parameters of the immunity conferred by the ITCA.

■ False imprisonment is the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent. *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 967 (Ind. Ct.App.2001). A defendant may be liable for false arrest when he or she arrests the plaintiff in the absence of probable cause to do so. *Conwell v. Beatty*, 667 N.E.2d 768, 775 (Ind.Ct.App.1996). Probable cause for arrest is demonstrated by facts and circumstances known to the arresting officer which would warrant a person of reasonable caution and prudence in believing that the accused had committed or was committing a criminal offense. *Id.; Street*, 660 N.E.2d at 1056. Thus, if the plaintiff in a false arrest action fails to demonstrate

the absence of probable cause, or if the record as a whole reflects probable cause for the arrest, then the plaintiff's case must fail. *Conwell,* 667 N.E.2d at 775. Probable cause is normally an issue for the jury's determination. *Street,* 660 N.E.2d at 1056.

▉ Here, the uncontroverted evidence establishes that the officers were responding to a call from Didier regarding Miller when they found Miller on Didier's property. Relying on their past experience with Miller and information their dispatcher received from personnel of the Madison county court system that a protective order was in place prohibiting Miller from being on Didier's property, they arrested her. While Miller presented evidence that she showed the officers a chronological case summary showing that a protective order had been dismissed a few days earlier, we cannot conclude that this negates the officers' probable cause to arrest. The dismissal of a protective order in one case did not eliminate the possibility that a protective order had been issued under another cause number. Therefore, we conclude that the facts known to the officers at the time of Miller's arrest would have led a reasonable person to believe that Miller had violated the protective order. Accordingly, the officers had probable cause to arrest Miller and their actions do not constitute false arrest or false imprisonment. Consequently, the trial court did not err in granting the defendants' motion for summary judgment.[1]

Affirmed.

BROOK, C.J., and DARDEN, J., concur.

## ORDER

This Court handed down its opinion in this appeal on September 19, 2002, marked Memorandum Decision, Not for Publication;

Come now the Appellees, by counsel, and file herein Motion to Publish Memorandum Decision, alleging therein that said decision should be published for the reason that said decision clarifies the law as it relates to false arrest, false imprisonment and probable cause; that it involves a factual issue of unique interest to the bar and general public in that the case highlights a problem faced daily by the law enforcement officers who are confronted with conflicting information regarding court orders; and that publication will make all members of the bar and the public aware of the type of information and evidence which will support probable cause for an arrest when dealing with conflicting information.

IT IS THEREFORE ORDERED the Appellees' Motion to Publish Memorandum Decision is granted and this Court's opinion heretofore handed down in this cause on September 19, 2002, as a Memorandum Decision, Not for Publication, is now ordered published.

---

**1.** Because Miller asserts no other set of facts in her complaint, we conclude that her claim against the City of Anderson and the Anderson Police Department relied on a theory of vicarious liability for the actions of Officers McCann and Cole. *See Hurlow v. Manag-* *ing Partners, Inc.,* 755 N.E.2d 1158, 1162 (Ind.Ct.App.2001), *trans. denied* (2002) (employer may be vicariously liable for actions of employee if his or her purpose was to further the employer's business). Thus, these defendants are also entitled to summary judgment.