**AMERICAN FAMILY INSURANCE GROUP, Appellant–Defendant,**

v.

**John and Linda HOUIN, Appellees–Plaintiffs.**

**No. 50A03–0204–CV–99.**

Court of Appeals of Indiana.

Oct. 31, 2002.

John R. Obenchain, Colin J. Reilly, Jones Obenchain, South Bend, IN, Attorneys for Appellant.

Jeffrey J. Stesiak, Sweeney, Pfeifer, Morgan & Stesiak, South Bend, IN, Attorney for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

American Family Insurance Group ("American Family") brings this interlocutory appeal from the denial of summary judgment in an action for underinsured motorist coverage claimed by John Houin and Linda Houin.

We affirm.

### ISSUE

Whether a release signed by the Houins acted to foreclose any further claims stemming from the same events for which the release was executed.

### FACTS

On September 30, 1994, a vehicle driven by Mark Milliser collided with a vehicle driven by John Houin. The Houins sued Milliser claiming property damage, personal injuries to John, and Linda's loss of consortium. At the time of the collision, the Houins were insured by American Family.

In December 1994, counsel for the Houins wrote to American Family placing it on notice that if Milliser did not have sufficient insurance coverage, the Houins intended to file a claim for underinsured motorist coverage. In November 1999, counsel for the Houins sent another letter to American Family that stated, in pertinent part:

The purpose of this letter is to again notify you that Mr. Houin will be making an underinsured motorist claim. We received notification from American States Insurance Company, who is the insurance company for Mark Milliser, the individual who hit Mr. Houin, that there is only $100,000.00 available in insurance coverage. I am enclosing a copy of the declaration page for your file. American States has offered to tender the bodily injury liability limits of $100,000.00 to Mr. Houin.

INDIANA CODE § 27–7–5–6 provides that once you are informed of this bona fide offer you have thirty (30) days to either advance pay this amount to Mr. Houin or give Mr. Houin permission to accept this offer. If you do not respond within the thirty (30) day time period you are deemed to have given Mr. Houin permission to accept the offer in exchange for a full and complete release of the wrongdoer. Furthermore, once the offer is accepted and the release is executed, no further claim can be made against the person responsible for Mr. Houin's injuries. Additionally, you will lose any and all subrogation rights which may have existed.

Due to the nature and extent of Mr. Houin's injuries, we will be pursuing an underinsured motorist claim. You may deem this letter as a demand for arbitration . . . .

(App.109–10).

After not receiving any response from American Family, on January 11, 2000, counsel for the Houins sent yet another letter to American Family noting the expiration of the time period for responding to the previous letter regarding the settlement, and informing American Family that the Houins

are going to settle with the wrongdoer and execute a general release of him. Due to Mr. Houin's injuries we will be pursuing an underinsured motorist claim. I would ask that you provide me with a certified copy of the insurance policy *in effect at the time of the loss.*

(App.112) (emphasis in original). Still, American Family did not respond.

On January 18, 2000, counsel for the Houins confirmed to American Family that they had settled the matter with Milliser and that the Houins "will be executing the Release today." (App.114). Further, counsel noted that "[s]ince American Family has not responded to my previous letters I presume that there is no objection to the [Houins'] signing the Release today." (App.114).

On that day, January 18, 2000, the Houins executed the release in question. Excluding formal parts, the release provided:

John Houin and Linda Houin, individually and as husband and wife, for and in consideration of the sum of One Hundred Thousand Dollars and No Cents ($100,000.00), to them in hand paid by Safeco/American States Insurance Company the receipt of which is hereby acknowledged, do hereby release, acquit and forever discharge Mark Milliser and Safeco/American States Insurance Company, *their* heirs, executors, administrators, successors or assigns, together with all other persons, corporations, associations, and partnerships, from all claims and demands, actions and causes of action, for any damages, costs, loss of

services, expenses and compensations heretofore or hereafter sustained by us on account of, or in any way growing out of an accident, casualty or event that occurred on or about September 30, 1994, at or near U.S. 31 and 2A Road, Lapaz, Marshall County, Indiana, and on account of which it is asserted that we sustained injuries, damages and losses *for which the parties hereby released are legally liable, all of which is denied and disputed by them.*

Inasmuch as all of our injuries, damages and losses may not be fully known and hence may be more numerous or more serious than is now understood or expected, we agree, as a further consideration for said payment, that this Release applies to all injuries, damages and losses resulting from said casualty or event, even though now unanticipated, unexpected and unknown, as well as to all injuries, damages and losses which have already developed and which are known or anticipated. As further consideration for said payment, *we agree to indemnify and hold harmless the parties hereby released* from all damages, costs or expenses, including attorneys fees, which may arise out of any claim derivative of ours.

We warrant that no promise or inducement not herein expressed has been made to us; *that in executing this Release we are not relying upon any statement or representation made by any person or party released* or their agents, representatives or physicians concerning the nature, extent or duration of our injuries, losses or damages, or the legal liability therefore, or concerning any other thing or matter; that the above-mentioned payment is received by the undersigned in compromise settlement and full satisfaction of all the aforesaid claims and demands, actions and causes of action whatsoever; that we are of full age and legally competent to execute this release, and that before signing and sealing this Release we have fully informed ourselves as to the content and meaning of this Release with the advice of counsel and have so executed it with full knowledge thereof.

(App.84–85) (emphasis added).

In December 2000, the Houins requested and were granted leave to amend their complaint to add their insurer, American Family, as a party defendant. The amended complaint requested underinsured motorist coverage.

On September 6, 2001, American Family moved for summary judgment based upon its assertion that the language of the release signed by the Houins unequivocally released all potential claims against any entity or person. In their response to a request for admissions, the Houins acknowledged signing the release that contained the following phrase "together with all other persons, corporations, associations and partnerships," (App.117), but asserted that the phrase was qualified and was applicable only "to the parties of the Release, Safeco/American States Insurance Company, Mark Milliser and John and Linda Houin." (App.117). The trial court denied American Family's motion for summary judgment and certified its ruling for interlocutory appeal.

### DECISION

When reviewing a determination on summary judgment, we apply the same standard employed by the trial court to evaluate whether the motion should be granted. *Estate of Spry v. Greg & Ken, Inc.,* 749 N.E.2d 1269, 1272 (Ind.Ct.App. 2001). Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law. *Warner Trucking, Inc. v. Carolina Casualty Ins. Co.*, 686 N.E.2d 102, 104 (Ind. 1997); Ind. Trial Rule 56(C). Where the facts material to the proceedings are not in dispute, this court determines whether the trial court correctly applied the law to the facts. *Grant County Comm'rs v. Cotton*, 677 N.E.2d 1103, 1104 (Ind.Ct.App.1997), trans. denied.

■ American Family does not argue that it was without notice of the Houins' intent to pursue a claim for underinsured motorist coverage prior to the Houins' execution of the release. Nor does American Family assert that the Houins failed to correspond with and inform American Family at each step of their attempts to resolve their claims. Further, American Family does not contend that it was a party to the release. However, American Family contends that the trial court erred by failing to grant its motion for summary judgment because the release signed by the Houins unequivocally and unqualifiedly released all possible claims with regard to the collision with Milliser. We disagree.

■ In examining the language of the release, we are guided by principles of contract construction. In construing a written contract, "a court should attempt to determine the intent of the parties at the time the contract was made by examining the language used to express their rights and duties." *Exide Corp. v. Millwright Riggers, Inc.*, 727 N.E.2d 473, 478 (Ind.Ct.App.2000). Terms in a contract are given their usual and common meaning unless, from the contract, it can be determined that some other meaning was intended. *Id.* at 478–79. Further, the words and various components to the contract cannot be read alone. *Id.* at 479. "The entire contract must be read together and given meaning, if possible." *Id.*

The release signed by the Houins explicitly refers to and links the document to the parties at three points in the release. *Cf. Estate of Spry*, 749 N.E.2d at 1272 (general release that did not contain language limiting release to the parties, unambiguously released all possible defendants). By reading the release *in toto*, it is clear that the parties to the release employed qualifying language to express their intent that the release pertain to only the parties who were signatories to the document, thereby releasing only Milliser, his insurer, and any person or corporation connected to Milliser and his insurer. Thus, on its face, the release does not appear to be applicable to those persons or entities not parties to the document and the action from which the release arose.

Also, viewing the release against the backdrop of the letters to American Family, the parties' intent when the release was executed is evident. On several occasions prior to signing the release, the Houins informed American Family, of their intention to pursue underinsured motorist coverage. After receiving an offer of settlement from Milliser for policy limits, the Houins notified American Family of their intention to settle with Milliser and his insured. On the same day that the release was finally executed, the Houins notified American Family that the time for American Family's response had expired and that they intended to execute a "general release," and pursue an action for underinsured motorist coverage. *Cf. GEICO Ins. Co. v. Rowell*, 705 N.E.2d 476, 481–83 (Ind. Ct.App.1999) (the stipulation signed by the insurer limiting the release to the parties to the agreement qualified for treatment as a contemporaneous document, and insurer's request for summary judgment alleging that the release applied to it as well was inconsistent and disingenuous).

Thus, to accept American Family's characterization of the document as one unequivocally and unqualifiedly releasing all individuals and corporations would require us to ignore the plain language of the document as read in its entirety and the intent of the parties when placed in the proper context. The trial court did not err by denying American Family's request for summary judgment based upon the release.

The judgment of the trial court is affirmed.

KIRSCH, J., concurs.

BROOK, C.J., concurs in result with separate opinion.

BROOK, Chief Judge, concurring in result.

I concur in the majority's affirmance of the trial court's judgment, but I do so on different grounds.

Initially, I observe that the only parties to the release at issue are the Houins themselves: neither Milliser nor Safeco/American States signed the release to manifest their agreement to its terms. Next, I respectfully take issue with the majority's "viewing [of] the release against the backdrop of the letters to American Family" notwithstanding its conclusion that the release "on its face ... does not appear to be applicable to those persons or entities not parties to the document and the action from which the release arose." Slip op. at 7. If a release document is indeed unambiguous, "the intent of the parties is to be determined by reviewing the language contained between the four corners of that instrument." *Estate of Spry*, 749 N.E.2d at 1273.

In my view, the release is *not* unambiguous. In the first sentence of the document, the Houins purported to release from "all claims and demands" Milliser and Safeco/American States and their successors in interest "together with *all other* persons, corporations, associations, and partnerships[.]" (Emphasis added.) In my view, the italicized phrase clearly refers to parties other than Milliser and Safeco/American States and their successors in interest. In the same sentence, however, the Houins mentioned that "the parties hereby released" denied and disputed legal liability for the Houins' "injuries, damages and losses"; given that American Family never communicated with the Houins prior to the execution of the release, the "parties hereby released" can only refer to Milliser and Safeco/American States. As our supreme court concluded in a factually similar case,

> [t]hese contradictory references cloud the intent of the document. Consequently, parol evidence may be utilized to determine the parties' true intentions respecting the document's application. This, of course, necessitates that the entry of summary judgment be reversed and the case remanded for such a factual determination.

*Huffman v. Monroe County Cmty. Sch. Corp.*, 588 N.E.2d 1264, 1267 (Ind.1992); *cf. Estate of Spry*, 749 N.E.2d at 1273 ("Language that releases 'all' people is clear unless other terms in the instrument are contradictory."). Because the Houins' release contains contradictory references, I would affirm the trial court's denial of American Family's summary judgment motion on this basis.