**Tom and Karen DAGGETT,
Appellants–Plaintiffs,**

v.

**INDIANA STATE POLICE,
Appellee–Defendant.**

**No. 34A02–0401–CV–45.**

Court of Appeals of Indiana.

Aug. 10, 2004.

Joseph J. Reiswerg, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Tom and Karen Daggett appeal from the trial court's grant of summary judgment in favor of the Indiana State Police ("ISP"). They present one issue for our review: whether the trial court erred in determining that the ISP was entitled to governmental immunity under the Indiana Tort Claims Act ("ITCA").[1]

We affirm.

On June 18, 1996, Karen found Tom, her husband, foaming and bleeding from the mouth and gasping for air. She called 911, and two ambulances were dispatched. Tom went into convulsions, and paramedics attempted to administer oxygen to him. However, they were unable to restrain him and called for law enforcement assistance. ISP Troopers Tony Frawley and Michael Tarrh responded to the call and found Tom to be combative and uncooperative. At some point while they attempted to restrain him, Tom attempted to bite Trooper Frawley. The Troopers were eventually able to handcuff Tom, and he was placed in an ambulance. While inside the ambulance, Tom continued to struggle with the paramedics, so Trooper Frawley rode in the ambulance to the hospital to help restrain Tom so that paramedics could treat him. Once they arrived at the hospital, Trooper Frawley removed the handcuffs from Tom, and the emergency room personnel placed Tom in restraints. Tom claims that he was injured by the actions taken to restrain him, including cuts on his wrists, a ruptured eardrum, numerous bruises and abrasions, significant bleeding from his ear canals, temporary loss of his voice, and radial nerve damage. He also claims loss of income as a result of being unable to work because of the injuries he suffered.

In our companion case also decided today, *St. Joseph County Police Dep't v. Estate of Shumaker*, No. 50A03–0310–CV– 432, 812 N.E.2d 1143, 2004 WL 1775161 (Ind.Ct.App. Aug.10, 2004), we analyzed the state of the law under the ITCA. As in

---

1. Ind.Code 34–13–3 (Burns Code Ed. Repl. 1998 & Supp.2004).

*Shumaker*, our review is limited to the immunity provided by Section 3(8) of the ITCA, the "law enforcement immunity" provision. In our companion case, we held that:

"the 'enforcement' spoken of in what is now Section 3(8) of the ITCA means compelling or attempting to compel the obedience of *another* to laws, rules, or regulations, and the sanctioning or attempt to sanction a violation thereof. It would also, by the plain meaning of the statute, include the failure to do such. However, it does not include compliance with or following of laws, rules, or regulations by a governmental unit or its employees. Neither does it include failure to comply with such laws, rules, or regulations." Slip. op. at 14, 812 N.E.2d at 1150, 2004 WL 1775161 (emphasis in original).

■ To refute the argument that the Troopers were attempting to enforce the law, the Daggetts assert that Tom could not have formed the intent necessary to be guilty of a crime because he was having a seizure at the time he was restrained. Additionally, they note that no charges were filed against Tom for his "criminal" acts. However, the ITCA does not contain a restriction which requires that a law enforcement officer arrest someone before the officer's actions fall within the immunity provisions of the ITCA. And while it is unclear whether the facts in this case would ultimately establish the intent necessary to result in a conviction for a crime such as battery or obstructing an emergency medical person, such is ultimately irrelevant to whether the Troopers' actions were proper. *See Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind.Ct. App.2002) (holding that officers were enti-

tled to immunity even though officers' belief that the individual was violating the law later turned out to be erroneous), *trans. denied.*

The State Police assert that the law enforcement immunity applies in this case because the Troopers were attempting to enforce Indiana Code § 35–44–3–8.5 (Burns Code Ed. Repl.1998), which provides that "[a] person who knowingly or intentionally obstructs or interferes with an emergency medical person performing or attempting to perform his emergency functions or duties as an emergency medical person commits obstructing an emergency medical person, a Class B misdemeanor." A good argument is made that this statute, on its face, applies in this case.[2] Here, however, we need not rely upon that particular crime to determine whether immunity applies in this situation because a more general application of law enforcement is present.

■ The designated evidence reveals that the Troopers were called to the scene because Tom was combative with the paramedics and as a result they could not treat him. The Troopers who responded were trained to handle situations in which individuals are combative and are taught how to restrain individuals. Their actions in restraining Tom both protected him from causing serious injury to himself and from injuring the paramedics.

■ Granting immunity to law enforcement officers who assist emergency medical professionals in restraining combative individuals who need medical treatment is within the scope of the "enforcement" provision of the ITCA. Law enforcement officials cannot be expected to arrive at the scene where medical professionals are at-

---

**2.** As written, and in the manner relied upon by the ISP in this case, I.C. § 35–44–3–8.5 presents concerns with regard to what extent an individual may refuse medical treatment without running afoul of the law.

tempting to provide treatment to an individual and determine whether that person is committing an act which is punishable as a crime or whether that person is "involuntarily" resisting treatment because they have no control over their physical capacities. Thus, we must conclude that when law enforcement officers respond to a request to assist in restraining combative patients, the officers are enforcing the law to the extent that they are preventing the patient from injuring himself and/or the medical professionals. As a consequence, they receive the protections of the "enforcement" immunity found in the ITCA. Holding otherwise would likely prevent the officers from performing a routine part of their job.

The judgment is affirmed.

MAY and VAIDIK, JJ., concur.