

FILED

Oct 30 2023, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Matthew R. Land
Brandon E. Tate
Waldron Tate Bowen Spandau LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Pamela G. Schneeman
Knight Hoppe Kurnik & Knight, Ltd.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry Bewley and Deborah Bewley,<br><br>*Appellants-Plaintiffs,*<br><br>v.<br><br>Town of Speedway,<br><br>*Appellee-Defendant.* | October 30, 2023<br><br>Court of Appeals Case No.<br>23A-CT-451<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>James A. Joven, Judge<br><br>Trial Court Cause No.<br>49D13-2001-CT-2983 |

**Opinion by Senior Judge Robb**
Judges Weissmann and Kenworthy concur.

**Robb, Senior Judge.**

## Statement of the Case

[1] Jerry and Deborah Bewley appeal the trial court's grant of summary judgment to the Town of Speedway. The Bewleys sued the Town after the Town's police K9 bit Jerry while the K9's handler was pursuing a suspected felon. Concluding the Town is entitled to immunity under the Indiana Tort Claims Act, we affirm.

## Facts and Procedural History

[2] On March 1, 2019, at 7:30 p.m. Officer Matthew Turpin of the Speedway Police Department ("SPD") was dispatched to investigate a potential burglary. Officer Turpin is a trained K9 handler, and his K9 unit, Tom, was with him that night.

[3] Officer Turpin spotted a "suspicious vehicle[,]" Appellants' App. Vol. II, p. 89, which fled from him. He pursued, with lights and sirens activated. During the chase, a dispatcher advised Officer Turpin the vehicle had been reported as stolen.

[4] Meanwhile, Jerry Bewley ("Jerry") had a part-time job delivering food for a restaurant. He arrived at a customer's house in Speedway around 7:30 p.m. It was dark, but a streetlight illuminated the road in front of the customer's house. Jerry was wearing navy blue pants and a jacket.

[5] As Jerry and the customer conducted their transaction on the customer's front porch, they heard police sirens and saw red and blue lights flashing in the distance. Next, Jerry saw a vehicle being chased by a SPD vehicle. The fleeing vehicle crashed into a parked car down the street, and two people "jumped out." *Id.* at 51.

[6] The customer asked Jerry if he wanted to step inside her home, but Jerry declined. Instead, he went to the customer's driveway and crouched next to her vehicle, positioning himself so he could look through its windows. Jerry watched as one of the men who had jumped out of the fleeing vehicle ran between the customer's house and a neighbor's house.

[7] Officer Turpin, who was driving the SPD vehicle, also saw a suspect run between two houses and out of sight. He stopped in front of the customer's house and got out. Jerry did not hear Officer Turpin say anything. Jerry thought Officer Turpin should have seen him upon exiting the police vehicle, because "there was nothing between me and his car to obstruct any kind of view of me." *Id.* at 55.

[8] Officer Turpin opened up the back door of his car and released the K9. The K9 ran directly to Jerry, who attempted to get away by climbing onto the hood of the customer's vehicle. The K9 bit Jerry's right leg and held on until Officer Turpin forced it to let go.

Jerry was eventually taken to a hospital for treatment. Meanwhile, another officer pursued the suspects and captured one of them. That suspect was charged with two Level 6 felonies and three misdemeanors.

In January 2020, the Bewleys sued the Town, the SPD, and Officer Turpin. The Bewleys raised several claims, including alleging: (1) Officer Turpin negligently handled the K9; and (2) the Town was responsible for the officer's actions. The SPD and Officer Turpin were later dismissed from the case under circumstances not relevant to this appeal. In September 2022, the Town moved for summary judgment as to the Bewleys' claims, arguing it was immune from liability under the Indiana Tort Claims Act ("ITCA"). The court granted the Town's motion. This appeal followed.[1]

## Issue

The Bewleys raise one issue, which we restate as: whether the trial court erred in determining the Town was entitled to summary judgment on grounds of immunity.

---

[1] We held oral argument on October 10, 2023, at Rossville Middle/High School. We thank the parties for their presentations, and we thank the students and staff for their hospitality.

# Discussion and Decision

## 1. Standard of Review

[12] "We review summary judgment decisions de novo, applying the same standard of review as the trial court." *Johnson v. City of Michigan City*, 172 N.E.3d 355, 358 (Ind. Ct. App. 2021), *trans. denied*. A trial court shall grant a motion for summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[13] When the defendant is the moving party, the defendant must show the undisputed facts negate at least one element of the plaintiffs' cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiffs' claim. *Leo Mach. & Tool, Inc. v. Poe Volunteer Fire Dep't, Inc.*, 936 N.E.2d 855, 859 (Ind. Ct. App. 2010), *aff'd on rehearing*, 940 N.E.2d 384 (2011). "All facts and reasonable inferences from the designated evidence are construed in favor of the nonmovant." *Apuri v. Parkview Health Sys., Inc.*, 185 N.E.3d 383, 386 (Ind. Ct. App. 2022), *trans. denied*.

[14] The appellant bears the burden of proving the trial court erred in granting a motion for summary judgment. *Crossno v. State*, 726 N.E.2d 375, 378 (Ind. Ct. App. 2000). Even so, we "carefully assess the trial court's decision" to ensure a

nonmovant was not improperly denied a day in court. *Wisniewski v. Bennett*, 716 N.E.2d 892, 894 (Ind. 1999).

[15]   In this appeal the parties ask the Court to consider the application of the ITCA and other statutes to the facts. A de novo standard of review applies to questions of statutory interpretation. *Ladra v. State*, 177 N.E.3d 412, 415 (Ind. 2021). And the specific question of whether a "governmental entity is immune from liability under the [ITCA] is a question of law for the courts." *Gibson v. Evansville Vanderburgh Bldg. Comm'n*, 725 N.E.2d 949, 952 (Ind. Ct. App. 2000), *trans. denied*.

## 2. Immunity Under the ITCA

[16]   The ITCA "provides that governmental entities may be liable for torts committed by their agencies or employees." *Lee v. Bartholomew Consol. Sch. Corp.*, 75 N.E.3d 518, 525 (Ind. Ct. App. 2017). But "under certain circumstances, the governmental entity is entitled to immunity for those acts." *Id.* "The purpose of immunity is to insure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Ind. Dep't of Corr. v. Stagg*, 556 N.E.2d 1338, 1343 (Ind. Ct. App. 1990), *trans. denied*. Immunity under the ITCA "assumes

negligence but denies liability." *Putnam Cnty. Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind. 2011).

[17] "Because the [ITCA] is a statute in derogation of the common law, it must be strictly construed against limitations on the claimant's right to bring suit." *Hinshaw v. Bd. of Comm'rs of Jay Cnty.*, 611 N.E.2d 637, 639 (Ind. 1993). "The party seeking immunity bears the burden of proving that its conduct falls within the [ITCA] and is, thus, shielded from liability." *Gibson*, 725 N.E.2d at 953.

[18] The Town's claim of immunity is based on Indiana Code section 34-13-3-3(a)(8) (2016), which provides in relevant part:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of or failure to adopt or enforce . . . a law (including rules and regulations) . . . unless the act of enforcement constitutes false arrest or false imprisonment.

This Court has explained, "the 'enforcement' spoken of in what is now Section 3[a](8) of the ITCA means compelling or attempting to compel the obedience of *another* to laws, rules, or regulations, and the sanctioning or attempt to sanction a violation thereof." *St. Joseph Cnty. Police Dep't v. Shumaker*, 812 N.E.2d 1143, 1150 (Ind. Ct. App. 2004), *trans. denied*.

[19] In this case, Officer Turpin was chasing suspected felons when he released the K9, resulting in the K9 biting Jerry. The officer's conduct, although presumed negligent according to precedent, falls within the immunity granted under

Section 3(a)(8) for enforcing the law. *See Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (officers immune from suit under the ITCA; they were enforcing law when they arrested Miller based on erroneous belief she was violating a protective order), *trans. denied*.

## 3. Potential Conflict Between the ITCA and Another Statute

[20] The Bewleys claim Indiana Code section 34-13-3-3(a)(8) does not immunize Officer Turpin's conduct because he violated a different statutory duty to restrain his K9.[2] The Indiana Supreme Court has addressed whether an officer's immunity under the ITCA could be rendered inapplicable by the officer's breach of a different statutory duty. In *Patrick v. Miresso*, 848 N.E.2d 1083 (Ind. 2006), a police officer pursued a burglary suspect by vehicle and collided with a vehicle driven by Miresso. Miresso sued, and the trial court denied the officer's motion for summary judgment. On appeal, the officer argued he was immune from liability because he was enforcing the law at the time of the accident. The Indiana Supreme Court disagreed, concluding the officer was not entitled to immunity under the ITCA. The Court noted a different statute requires persons operating emergency vehicles to drive with

---

[2] The Town argues the Bewleys waived this claim because they did not present it to the trial court. We disagree. A party generally waives appellate review of an issue or argument if it is not presented to the trial court. *Dedelow v. Pucalik*, 801 N.E.2d 178, 183 (Ind. Ct. App. 2003). The Bewleys raised this claim during a hearing on the Town's motion for summary judgment, preserving the issue for our review.

due regard for the safety of others. *See id.* at 1085 (citing Ind. Code § 9-21-1-8 (2009)). The two statutes were in conflict, because one immunized the officer from liability and the other subjected the officer to liability. Keeping in mind that courts must "limit or narrow common law governmental immunity, not expand it[,]" the Court resolved the conflict by concluding the ITCA's immunity for enforcing the law did not apply to Miresso's claim that the officer recklessly operated an emergency vehicle. *Id.* at 1086-87.

In *Wilson v. Isaacs*, 929 N.E.2d 200 (Ind. 2010), the Indiana Supreme Court addressed a claim of excessive force rather than negligence, but the Court's reasoning in that case is useful here. Wilson alleged police officers wrongfully used a taser on him three times, even after he was on the ground and immobile. The defendants prevailed on summary judgment, claiming they were enforcing the law under Indiana Code section 34-13-3-3(a)(8). On appeal, Wilson argued the officers were not entitled to immunity under the ITCA. The Court determined the ITCA's grant of immunity conflicted with a separate statutory duty imposed on officers to avoid using unreasonable force on suspects. The Court, following the holding in *Miresso*, concluded the officers' alleged breach of the unreasonable force statute "restrains the statutory immunity from erecting a shield to liability for conduct contrary to the statute." *Id.* at 203-04.

In this case, the Bewleys claim the ITCA's protections conflict with Indiana Code section 15-20-1-4 (2014), which provides in relevant part:

(a) Except as provided in subsection (b), the owner of a dog commits a Class C misdemeanor if:

(1) the owner recklessly, knowingly, or intentionally fails to take reasonable steps to restrain the dog;

(2) the dog enters property other than the property of the dog's owner; and

(3) as the result of the owner's failure to restrain the dog, the dog bites or attacks another person without provocation, resulting in bodily injury to the other person.

[23] In response, the Town argues Indiana Code section 15-20-1-4 is inapplicable to the Bewleys' case due to an exception set forth in Indiana Code section 15-20-1-6 (2008):

An owner of a dog is exempt under section 4 of this chapter if the dog commits an act described in section 4 of this chapter during the period that the dog is owned by:

(1) the United States;

(2) an agency of the United States; or

(3) a governmental entity (as defined in IC 34-6-2-49);

and the dog is engaged in assisting the owner or the owner's

agent in the performance of law enforcement or military duties.

[24] The parties have not directed us to a statutory definition of "law enforcement or military duties." In general, we take words and phrases in their "plain, ordinary, and usual meaning unless a different purpose is manifested by statute." *JKB Sr. v. Armour Pharm. Co.*, 660 N.E.2d 602, 605 (Ind. Ct. App. 1996), *trans. denied*. Officer Turpin deployed the K9 to help him apprehend suspected felons, which may reasonably be understood as a law enforcement duty based on a plain, ordinary, and usual understanding of that phrase.

[25] The Bewleys argue the exception set forth in Indiana Code section 15-20-1-6 is inapplicable because Officer Turpin's actions were so "unreasonable and excessive" as to fall outside the definition of a law enforcement duty. Reply Brief, p. 9. We disagree. The Bewleys alleged negligence, not excessive force, in their complaint. Further, if immunity exists, the degree of a governmental defendant's culpability and the nature of its tortious conduct are not relevant considerations. *State, Dep't of Nat. Res. v. Taylor*, 419 N.E.2d 819, 823 (Ind. Ct. App. 1981).

[26] In sum, Indiana Code section 15-20-1-4, the dog bite statute, does not apply here because Officer Turpin's conduct falls under the law enforcement duty exception set forth in Indiana Code section 15-20-1-6. Absent any statutory conflict between Indiana Code section 15-20-1-4 and Indiana Code section 34-

13-3-3(a)(8), the ITCA immunizes Officer Turpin's conduct because he was enforcing a law when he released the K9. The trial court did not err in granting summary judgment for the Town.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Weissmann, J., and Kenworthy, J., concur.